**RASER TANNING COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 13790.

United States Court of Appeals
Sixth Circuit.

March 29, 1960.

Certiorari Denied June 20, 1960.

See 80 S.Ct. 1601.

M. Reese Dill, Cleveland, Ohio (of Merkel, Campbell, Dill & Zetzer, Cleveland, Ohio, on the brief), for petitioner.

Melvin Welles, Cleveland, Ohio (Jerome D. Fenton, Thomas J. McDermott, Marcel Mallet-Prevost, Frederick U. Reel, Alfred Avins, N.L.R.B., Washington, D. C., Regional Director Phillip Fusco, Cleveland, Ohio, on the brief), for respondent.

Before MARTIN, CECIL and WEICK, Circuit Judges.

CECIL, Circuit Judge.

The Raser Tanning Company has petitioned this Court to review the proceedings of the National Labor Relations Board by which it found the petitioner guilty of unfair labor practices and to set aside its order of December 22, 1958. The Board filed an answer in which it requested enforcement of its order against the petitioner.

The hearing of the complaint filed before the Board was conducted by a Trial Examiner who made an intermediate report containing findings of fact and conclusions of law. Exceptions to the report filed on behalf of the Company were heard by a three member panel of the Board.

The Board adopted the findings, conclusions and recommendations of the Trial Examiner with some modifications and additions as noted in its decision. It found that the petitioner discharged seven employees in violation Section 8 (a) (3) and (1) of the Act, 29 U.S.C.A. § 158(a) (1, 3).

The petitioner requested an oral hearing before the entire Board. This was not allowed and it was referred to a three member panel in accordance with Section 153(b) Title 29 U.S.C.A. Such reference is discretionary with the Board and no error was committed.

One of the claims of the petitioner is that the respondent erroneously denied it access to pre-trial statements of witnesses taken by respondent's representatives.

Counsel for the petitioner made the following motion at the beginning of the hearing before the Trial Examiner: "At this time, your Honor, the Respondent moves for the—an order requiring the General Councel and the Charging Union to provide to the Respondent the copies of all affidavits, statements and other matters which either the Charging Union or the General Councel have obtained from any witnesses involved in this proceeding, in order that the Respondent may be apprised of the details of these so-called Charges, and thus be in a position to prepare its defense properly." P. 15 Official Report of Proceedings.

Subpoenas were issued with the following request: "We are requesting on the face of the subpoenas for copies of all statements, affidavits and other written matter developed by or received by the Charging Union or the General Councel with respect to all items of the Complaint and all of the material during the investigation leading up to the issuance of the Complaint, including, such statements and affidavits as led to the issuance of, and investigation of the first, second and third amended Charges, and, covering all witnesses, all employees of the Raser Tanning Company in any manner involved in this proceeding, including, ex-

ecutives of the company and subordinate employees." P. 17 Official Report of Proceedings.

■ There is no authority for issuing subpoenas containing such comprehensive demand. It would be impossible to comply with such a request short of turning over to the petitioner the files of all investigative agents, the files of counsel for the Board and any memorandums made by any one who ever had anything to do with the case. The request is so broad that it is meaningless and the Trial Examiner was fully justified in quashing the subpoenas.

If there is any merit at all to the claim it lies in the request contained in the motion for production of pre-trial statements of witnesses.

In National Labor Relations Board v. Adhesive Products Corporation, 2 Cir., 258 F.2d 403, the court held that a written statement or memorandum which a witness had made prior to his testifying and from which he had refreshed his recollection should have been produced for the benefit of counsel in cross-examination. The Court gave as the basis of this ruling the rules set forth in the Jencks decision, Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. It held further that the rules of the Jencks case were applicable to administrative hearings as well as criminal trials. Whether or not the doctrine of that case should be extended to administrative hearings is not now before us.

The Jencks case involved written and oral reports of witnesses made over a period of time contemporaneously with the happening of events about which they testified. The witnesses who testified on behalf of the Labor Board in the hearing before the Trial Examiner made no such reports.

Witness Adell Metcalfe testified on cross-examination that he gave a statement to a Mr. Gieser. Counsel for the petitioner did not pursue the matter and made no demand for the production of the document. P. 138 Official Report of Proceedings. Kenneth Barlow testified (p. 183 Official Report of Proceedings) that he gave a signed statement to either Mr. Griesbach or Mr. Gieser. Counsel for petitioner asked the witness several questions as to whether or not his testimony was the same as the statements. He made no request for production.

The Official Report of the Proceedings does not show that any other witness made a pre-trial statement.

During the cross-examination of George Edward Reed counsel for the Board held a paper in his hand. Counsel for the petitioner took this to be a statement of the witness and made a demand for it. It developed from the witness himself that he had not signed a statement.

In National Labor Relations Board v. Adhesive Products Corporation, supra, counsel made demand for production when it developed that there was a statement. After this decision the Board amended section 102.95 of its Regulations by adding (29 U.S.C.A.Appendix): "Provided, after a witness called by the general counsel has testified in a hearing upon a complaint under section 10(c) of the act the respondent may move for the production of any statement of such witness in possession of the general counsel, if such statement has been reduced to writing and signed or otherwise approved or adopted by the witness. Such motion shall be granted by the trial examiner. If the general counsel declines to furnish the statement, the testimony of the witness shall be stricken." While this amendment to the regulation was not in effect at the time of the hearing before the Trial Examiner it provides the usual and an orderly procedure for the production of such a statement.

In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, decided under the discovery rules of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Court did not require counsel to submit to his adversary pre-trial statements of his witnesses. The Court said at page 514 of 329 U.S., at page 395 of 67 S.Ct.:

"But until some rule or statute definitely prescribes otherwise, *we are not justified in permitting discovery in a situation of this nature as a matter of unqualified right.* When Rule 26 and the other discovery rules were adopted, this Court and the members of the bar in general certainly did not believe or contemplate that all the files and mental processes of lawyers were thereby opened to the free scrutiny of their adversaries. And we refuse to interpret the rules at this time so as to reach so harsh and unwarranted a result." (Emphasis added.)

■ Administrative hearings of the Labor Board are governed by the Administrative Procedure Act rather than the Federal Rules of Civil Procedure. Section 1001 et seq., Title 5 U.S.C.A. The usual and ordinary rules of evidence applicable in the district courts so far as practicable govern its hearings. Title 29 U.S.C.A. § 160(b).

■ As stated above statements of two witnesses for the Board were revealed by cross-examination. Counsel for the petitioner was not entitled to these statements prior to the hearing under the Federal Rules of Civil Procedure, any applicable rules of evidence or any regulation of the Board in effect at the time of the hearing. When it developed that there were statements counsel should have moved for their production. He would then have squarely presented the question as to his right to have them. Not having made such a motion, he waived any right or privilege he may have had for their inspection.

At the commencement of the hearing the petitioner moved to dismiss paragraph six of the complaint on the ground that the allegations therein were not supported by timely charges.

There was an original, first amended, second amended and third amended charge filed. Each of these charges in addition to stating with particularity unfair labor practices in the discharge of certain employees alleged: "By the acts set forth in the paragraph above and by other acts and conduct, it, by its officers, agents and representatives, has interfered with, restrained, and coerced and is interfering with, restraining, and coercing its employees in the exercise of their rights guaranteed in Section 7 of the Act [29 U.S.C.A. § 157]."

The test of the sufficiency of the charge to support the complaint is set forth in National Labor Relations Board v. Kohler Company, 7 Cir., 220 F.2d 3, 7.

"There must be some relationship between charge and complaint, however. Section 10(b) makes the filing of a complaint contingent upon the existence of a charge, and it has been consistently held that the Board cannot initiate a complaint on its own motion. N. L. R. B. v. National Licorice Co., 2 Cir., 104 F.2d 655, affirmed 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799. So long as the Board entered the controversy pursuant to a formal charge, it may allege whatever it finds to be a part of that controversy. But if it gets so completely outside of the situation which gave rise to the charge that it may be said to be initiating the proceeding on its own motion, then the complaint should fall as not supported by the charge."

■ Applying this test we conclude that the allegations of the charge and the first, second and third amended charges are sufficient to support the claims of unfair labor practices contained in the sixth paragraph of the complaint.

See also Consumers Power Co. v. National Labor Relations Board, 6 Cir., 113 F.2d 38 at page 42; Stokely Foods, Inc. v. National Labor Relations Board, 5 Cir., 193 F.2d 736; National Labor Relations Board v. Raymond Pearson, Inc., 5 Cir., 243 F.2d 456.

The petitioner claims that the testimony as taken before the Trial Examiner was not complete in the Official Report of Proceedings and that therefore the

panel of the Board did not review the entire record.

A careful examination of the record does not indicate that it is defective. It appears to be complete, it has continuity and there is no indication of any omissions.

Petitioner attempts to show these omissions by the affidavits of three witnesses who say that they answered "no" to a long list of statements or questions attached to the exceptions to the Trial Examiner's intermediate report and marked Exhibit A. The record shows that each of these witnesses was asked rebuttal questions and that many of the questions on the list were asked of the witnesses. Apparently there was no effort to check this deficiency with the reporter or to have it corrected if it were found to be incomplete. We are of the opinion that the petitioner has failed to substantiate his claim that the record is defective.

The Board in its decision according to note 2 did not affirm any findings of the Trial Examiner that were affected by these alleged denials. Without attempting to determine whether or not such testimony was given the Board gave full credit to it as though it had been given. The Board committed no error in this respect.

Our examination of the record does not disclose any prejudicial bias or hostility on the part of the Trial Examiner. He was courteous to the lawyers, impartial in his rulings and carefully excluded impertinent testimony. He gave counsel for the petitioner ample opportunity to present his case and we cannot say that he denied the petitioner the right to introduce any competent evidence.

The other objections to the Board's decision present purely factual questions.

Section 160(e), Title 29 U.S.C.A. provides, "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive."

The Trial Examiner in his findings carefully reviewed the testimony and there is evidence of a substantial nature to support his findings which were adopted by the Board. There are of course conflicts in the testimony but as long as there is substantial evidence on a point in dispute this Court will not disturb the findings of the Board.

In our opinion the Board's findings of fact support its conclusions as to the violations of the Act and its decision and order will therefore be

Affirmed.

The Board's request for enforcement of its order against the petitioner is allowed.