**TROJAN FREIGHT LINES, INC.,** Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 16339.

United States Court of Appeals Sixth Circuit.

Feb. 16, 1966.

Sheldon M. Gisser, Cleveland, Ohio, for petitioner, Bernard S. Goldfarb, Cleveland, Ohio, on the brief.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Theodore J. Martineau, Attys., National Labor Relations Board, Washington, D. C., on the brief, for respondent.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This cause is before us upon the petition of Trojan Freight Lines, Inc., for review of an Order of the NLRB finding it guilty of certain unfair labor practices, and upon the cross-petition of the NLRB asking enforcement of such order. The Board's Decision and Order is reported as Trojan Freight Lines, Inc., 150 NLRB No. 39. The unfair labor practices were found to violate Section 8(a) (1) and (3) of the Act (29 U.S.C.A. § 158(a) (1) and (3)) and consisted of laying off an employee for exercising a right protected by § 7 of the Act, and of threats of reprisal should others exercise protected rights.

On this appeal, petitioner charges that the findings of discriminatory layoff and threats of reprisal were not supported by substantial evidence, that the method of computing the amount of back pay payable to the alleged discriminatee was invalid, and that the Regional Director of the NLRB abused his discretion in denying petitioner-employer's application for leave to take a discovery deposition of the employee whose charge initiated the proceedings here involved.

■ The findings of unfair labor conduct involved questions of fact. We cannot say that the factual findings of the Board in this regard are unsupported by substantial evidence on the record, considered as a whole, and under Section 10(e) of the Act such findings are conclusive upon us. 29 U.S.C.A. § 160(e). Accordingly, the Board's finding of violation of Sec. 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1) and (3) will be enforced.

■ We likewise find without reversible error the method used by the Board in computing its award of back pay to the employee found to have been discriminated against. See our decision in NLRB v. Ellis & Watts Products, Inc., 344 F.2d 67, 69 (CA6, 1965). The

denial of the application for discovery deposition was within the discretion of the Regional Director of the Board, and we do not find abuse of discretion in such regard.

The petition for review is hereby denied and the Board's Order is hereby ordered enforced.