**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AUTOMOTIVE TEXTILE PRODUCTS COMPANY, Inc., Respondent.**

**No. 19663.**

United States Court of Appeals, Sixth Circuit.

March 6, 1970.

---

Jonathan M. Marcks, National Labor Relations Board, Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John D. Burgoyne, Harrison J. Daysh, Attys., National Labor Relations Board, Washington, D. C., on the brief.

Baer Keidan, Detroit, Mich., for respondent; Keidan & Keidan, Detroit, Mich., on the brief.

Before EDWARDS and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

## ORDER

PER CURIAM.

This cause is before the Court upon the petition of the National Labor Relations Board for enforcement of its order in a matter involving alleged violations of the National Labor Relations Act. The Board's order is reported at 171 NLRB, No. 157. The charged violations consisted of resistance to an organizational campaign by the Amalgamated Clothing Workers of America to bring into that union the employees of the company; alleged coercive interrogation of employees; threats of reprisal such as closing down the plant; and granting vacation pay to employees to discourage support of the union. We find that there was substantial evidence supporting the Board's order.

Respondent also complains of the denial of its request for a Bill of Particulars prior to the hearing, and refusal to permit examination of affidavits or statements made by certain persons to the Board. We are satisfied that no prejudice was visited upon the respondent through failure to provide a Bill of Particulars. Consumers Power v. NLRB, 113 F.2d 38, 42–43 (6th Cir. 1940). We find no error in the refusal of the trial examiner to provide, in advance of trial, affidavits and statements given by witnesses who were to be called by the General Counsel. Raser Tanning v. NLRB, 276 F.2d 80–83 (6th Cir. 1960), cert. denied, 363 U.S. 830, 80 S.Ct. 1601, 4 L.Ed.2d 1524. At the hearing, respondent's counsel was allowed, for purposes of cross-examination, to examine affidavits and statements of witnesses who had testified.

We find without merit the respondent's contention that the Board's order should not be enforced because

changes in its work force have occurred since the institution of this proceeding; likewise, bias of the trial examiner has not been demonstrated to such a degree as to vitiate his decision. See NLRB v. Pittsburgh Steamship Co., 337 U.S. 656, 659, 69 S.Ct. 1283, 93 L.Ed. 1602 (1949).

It is ordered that the order of the Board heretofore entered in this cause be, and it is, hereby enforced.