**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**DIAMOND STANDARD FUEL CORP.,
Respondent.**

**No. 7702.**

United States Court of Appeals,
First Circuit.

Jan. 29, 1971.

Warren M. Davison, Deputy Asst. Gen. Counsel, with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Arthur L. Fox II, Atty., Washingon, D. C., were on brief, for petitioner.

Julius Kirle, Boston, Mass., for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is the usual petition for enforcement of a Labor Board order. The Board found that the respondent, a New Hampshire trucking concern, violated § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), by coercively interrogating and threatening its employees with regard to their union activities; § 8(a) (3) and (1) of the Act, 29 U.S.C. § 158(a) (3) and (1), by laying off eight employees because they had joined the union; and § 8(a) (5) and (1) of the Act, 29 U.S.C. § 158(a) (5) and (1), by refusing to recognize the union.

Early in September 1968 the Teamsters' Union obtained signatures from eleven of respondent's seventeen truck drivers authorizing it to represent them for the purpose of collective bargaining. On the basis of this action, the union contacted the company on September 13 requesting recognition, which was refused. On September 19 eight of the drivers, known by the company to be union adherents, were laid off, assertedly for lack of available work. Respondent contends that the Board erred in discrediting its witnesses and in believing employee testimony regarding the al-

leged coercive interrogations and the discriminatory motivation behind its layoff policy. That "questions of credibility are for the Board" is too well established to require further discussion here. N. L. R. B. v. Universal Packaging Corporation, 361 F.2d 384, 388 (1st Cir. 1966).

 Respondent counters Board charges that it was obligated to recognize the union by asserting that (1) the Board's determination that respondent's truck drivers constitute an appropriate bargaining unit was arbitrary, capricious, and an abuse of discretion and (2) the authorization cards were invalid designations of the union. With regard to the bargaining unit, we cannot say that the Board's omission of respondent's five garage employees was lacking in rationality or an abuse of its broad discretion to determine appropriate units. S. D. Warren Co. v. N. L. R. B., 353 F.2d 494 (1st Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L. Ed.2d 300 (1966). As to the cards, they "unambiguously authorized the Union to represent the signing employee for collective bargaining purposes * * * [and made] no reference to elections." N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 583 n. 4, 89 S.Ct. 1918, 1925, 23 L.Ed.2d 547 (1969). There was ample evidence for the hearing examiner's finding that there had been no discussion about using the cards to obtain an election until after they were signed. There was also ample support for the Board's decision to certify the union without holding an election on the grounds that the company's unfair labor practices were so "outrageous" and "pervasive" that "the invocation of traditional remedies affords no guarantee that an election will provide a more accurate index of employee sentiment than the cards." See N. L. R. B. v. Gissel Packing Co., *supra* at 613–615, 89 S.Ct. 1918.

 Finally, respondent argues that the trial examiner's refusal to permit pre-hearing discovery was erroneous in view of N. L. R. B. v. Schill Steel Products, Inc., 408 F.2d 803 (5th Cir. 1969). But that case dealt with the scope of discovery in contempt hearings before the court of appeals and was not intended to apply to proceedings before the Board.

The order of the Board will be enforced.