**McCLAIN INDUSTRIES, INC., a Michigan corporation, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, and Bernard Gottfried, Regional Director of the National Labor Relations Board, Seventh Region, Defendants.**

**Civ. No. 4–72113.**

United States District Court, E. D. Michigan, S. D.

Sept. 17, 1974.

Clunet R. Lewis, Jaffe, Snider, Raitt, Garratt & Heuer, Detroit, Mich., for plaintiff.

Bernard Gottfried, Regional Director, N.L.R.B., Seventh Region, Detroit, Mich., for defendants.

## MEMORANDUM OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

DeMASCIO, District Judge.

The defendant Regional Director of the National Labor Relations Board (NLRB) has refused to participate in any pre-trial discovery in a proceeding pending before the Board. The plaintiff filed its answer to the complaint charging an unfair labor practice and sought to take depositions, but was advised by the defendants that pre-trial discovery would not be available. At the same time, the plaintiff requested the names of witnesses the defendant Director intended to call at the hearing. This request, too, was similarly denied.[1] Thereafter, the plaintiff forwarded interrogatories which again sought the names of the witnesses. Again, and by letter dated July 2, 1974, the defendants stated that pre-trial discovery was unavailable to a respondent in cases before the NLRB. Plaintiff appealed to the Chief Administrative Law Judge for sanctions, but he affirmed the Director's position that plaintiff was not entitled to any pre-trial discovery.

The plaintiff filed this action and avers that the Regional Director's refusal to participate in any pre-trial discovery violates Section 10(b) of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 160(b). Plaintiff sought and obtained an order directing defendants to show cause why they

1. Since filing this action, the plaintiff has dropped its request to take the deposition of the petitioner before the Board. Plaintiff, however, continues to insist that it is entitled to at least know the names of its accusers.

should not be enjoined from prosecuting the unfair labor practice case until 30 days after interrogatories have been answered. In response, the defendants filed a motion to dismiss or in the alternative for summary judgment. The defendants contend in their motion that a district court lacks jurisdiction to interfere with a proceeding pending decision and final order of the Board, and that review of final orders is vested exclusively in the Court of Appeals pursuant to Sections 10(e) and (f) of the National Labor Relations Act.[2]

■ To the contrary, the plaintiff insists that a district court has jurisdiction to enjoin Board action which exceeds its statutory grant of power; that to arbitrarily refuse discovery is excessive because some discovery is mandated by Sec. 10(b) of the LMRA.

Section 10(b) in pertinent part provides:

" * * * Any such proceeding shall, *so far as practicable*, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States, adopted by the Supreme Court of the United States pursuant to section 2072 of Title 28." (Emphasis added.)

While this language may be imprecise and may lack grammatical clarity, we find that the rules of civil procedure are applicable in NLRB proceedings "so far as practicable." The defendants argue that only that part of the rules of civil procedure dealing with the rules of evidence is applicable and thus mandated by the Act. N.L.R.B. v. Interboro Contractors, Inc., 432 F.2d 854 (2nd Cir. 1970). But, the rules of evidence applicable in District Courts of the United States are not embodied in the rules of civil procedure. In district courts, the rules of civil procedure often modify and sometimes alter the rules of evidence. The discovery provisions contained in the rules of civil procedure have such an effect. We think Congress intended to include the rules of civil procedure, as far as practicable, in proceedings before the Board. N.L.R.B. v. Safway Steel Scaffolds Co. of Georgia, 383 F.2d 273 (5th Cir. 1967).[3]

■■ This is not to say that Sec. 10(b) of the Act requires the Board to adopt the entire network of discovery rules contained in the Federal Rules of Civil Procedure. The Board is still at

---

2. On July 22, 1974, the parties were afforded an opportunity to be fully heard on their respective contentions. At the court's request for an opportunity to consider the contentions of the parties, the defendants agreed to voluntarily postpone the unfair labor practice hearing, thus obviating the necessity to further consider the request for a temporary restraining order. On September 9, 1974, the defendants appeared to advise that the hearing would proceed on September 17, 1974, notwithstanding the fact that the court's Memorandum of Findings of Fact and Conclusions of Law had not yet been dictated.

3. We have noted Trojan Freight Lines, Inc. v. N. L. R. B., 356 F.2d 947 (6th Cir. 1966); N. L. R. B. v. C. H. Sprague & Son Co., 428 F.2d 938 (1st Cir. 1970); Raser Tanning Co. v. N. L. R. B. 276 F.2d 80 (6th Cir. 1960); N. L. R. B. v. Automotive Textile Products Co., 422 F.2d 1255 (6th Cir. 1970); N. L. R. B. v. Diamond Standard Fuel Corp., 437 F.2d 1163 (1st Cir. 1971), and find them inapposite. In *Trojan Freight Lines, supra*, although not explicitly stated, the depositions requested were not for discovery purposes but for introduction as evidence. 29 CFR § 102.30 is the only Board regulation dealing with depositions and requires that testimony of witnesses be oral, even though a trial examiner may in his discretion, upon good cause shown, permit testimony by deposition. That case does not resolve the issue before us. The same may be said of N. L. R. B. v. C. H. Sprague & Son, *supra*. *Raser Tanning supra*, deals with the question whether pre-trial statements of witnesses in the possession of the Board must be provided to the respondent for cross-examination purposes. N. L. R. B. v. Automotive Textile, *supra*, upheld the trial examiner's refusal to provide respondent with pre-trial affidavits and statements of witnesses. It does not specifically hold that Sec. 10(b) makes no provision for discovery. Nor does N. L. R. B. v. Diamond Standard Fuel, *supra*, address itself to the issue presented here.

liberty to determine whether discovery is practicable in cases pending before it. It may adopt its own rules to govern its evaluation concerning discovery requests. But when a party makes a sufficient showing of necessity for discovery, the Board exceeds its authority under the Act when it enforces an inflexible rule denying all discovery in all cases. N.L.R.B. v. Vapor Blast Manufacturing Co., 287 F.2d 402 (7th Cir. 1961).[4] The defendants' arbitrary and unilateral refusal to participate in any discovery has precluded plaintiff from preparing a defense, if indeed a defense is available to it. The defendants' refusal to even furnish plaintiff with a list of witnesses has deprived plaintiff an opportunity to obtain a fair hearing basic to due process. We, therefore, think that the Board's determination to deny discovery exceeds its authority and is contrary to the provisions of Sec. 10(b).

The interest the Board claims to be advancing by its across-the-board refusal is the necessity to expeditiously process the enormous number of cases pending before it. But this interest, important though it may be, cannot outweigh the need to advance the interest of justice and assure respondent's due process guarantee to a fair hearing. The defendants have not elected to evaluate the practicality of plaintiff's request for discovery, as mandated by Sec. 10(b). Rather, the defendant Regional Director has determined that the burden of any

and all pretrial discovery is impractical notwithstanding the fact that some discovery may advance the interest of justice. Under all the circumstances present here, we elect to accept the conclusion reached by the Fifth Circuit in N.L.R.B. v. Safway Steel Scaffolds Co. of Georgia, *supra*, and similarly hold that the Board is required to engage in discovery "as far as practicable" pursuant to Sec. 10(b) of the Act.[5]

■■ Defendants contend that notwithstanding our finding that the Board's refusal to evaluate plaintiff's discovery request exceeds its statutory authority, this court nevertheless lacks jurisdiction to interfere in NLRB proceedings pending decision and final order. It is true that as a general rule a district court may not review decisions of the Board made within its discretionary or statutory authority. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 43, 58 S.Ct. 459, 82 L.Ed. 638 (1938). But plaintiff contends, and we agree, that Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) carved out a limited exception to this general rule and permits a district court to intervene where the decision of the Board exceeded its authority. We have determined that the Board acted illegally in its arbitrary decision to deny the plaintiff basic discovery contrary to Sec. 10(b) and, therefore, the circumstances here fall within the *Leedom* exception. The defendants argue that this court ought not to assume jurisdiction because

4. The defendants rely upon North American Rockwell Corp. v. N. L. R. B., 389 F.2d 866 (10th Cir. 1968), but we do not consider the *Rockwell* case compelling precedent nor do we think it supports the defendants' position that Sec. 10(b) does not mandate any discovery. The *Rockwell* decision although it purports to rely upon the *Vapor Blast Mfg. Co.*, case, *supra*, mistakenly assumes that *Vapor Blast* holds that no discovery is mandated by the Act when in fact we think it holds the opposite. We note that N. L. R. B. v. Globe Wireless, 193 F.2d 748 (9th Cir. 1951) and N. L. R. B. v. Interboro Contractors, *supra*, support defendants' position that there is no provision for discovery in the Act. But, we do not treat these as per-

suasive precedent. It is apparent that there is a split among the Circuits, but our own Sixth Circuit has not spoken directly to the issue presented here.

5. We do not, however, adopt the reasoning of the Fifth Circuit. *Safway* relied upon 29 CFR § 102.30, which authorizes taking depositions for use as evidence but does not make reference to pre-trial discovery. Rather, we think proper interpretation of the language contained in Sec. 10(b) mandates use of the rules of civil procedure "as far as practicable." These rules include provisions for discovery and the Board exceeded its authority when it arbitrarily refused to evaluate plaintiff's request for discovery.

when it acted there was case law to support its position that Sec. 10(b) does not mandate any discovery and, therefore, its action was not sufficiently illegal to justify application of the *Leedom* exception.[6]  But, we are confronted with our own sincere attempt to construe Sec. 10(b) and have concluded that the Board's action exceeded its statutory authority.  If its action was indeed illegal, it was illegal in all respects.  The fact that other circuits have taken an opposite view cannot dilute our own finding.  We do not question the Board's good faith reliance upon available precedents which they prefer to follow or have established through litigation and, of course, they are free to have our own Sixth Circuit address the issue.

■ Finally, the defendants contend that in any event plaintiff is not entitled to a preliminary injunction because it failed to establish it will suffer irreparable harm.  Specifically, the defendants argue that requiring plaintiff to submit to an agency hearing is not irreparable harm; that there are administrative remedies the plaintiff may successfully pursue; that the opportunity is always available in the Court of Appeals to oppose enforcement of any order the Board may enter.  The plaintiff, however, has always contended that defendants' refusal to participate in discovery undercuts its ability to properly defend itself in the unfair labor practice proceeding.  We find that to deny plaintiff the opportunity to assert an adequate defense irreparably injures.  Plaintiff has denied allegations of unfair labor practices and has indicated that it is not aware of any evidence, nor of any claim by any witness that would support the defendants' complaint.  Plaintiff fully cooperated when the government requested an opportunity to take statements from plaintiff's witnesses.  Unless and until the plaintiff is afforded a like opportunity, the record made before the Board will be one-sided.  Surely, the record would preponderate in the Board's favor when it denies an opportunity for competent direct and cross-examination.  Plaintiff may have an opportunity to appeal the issues tried in the unfair labor practice proceeding, but would have had no opportunity to develop those issues or produce evidence to create issues of its own.  On such a one-sided record, the Court of Appeals may well consider any alleged error by the NLRB to be harmless beyond doubt, therefore, not warranting reversal.  In this event, the plaintiff would have exhausted its remedies but would never have had an opportunity to fully participate in the making of the record.  The Board could bring about this possible result through the simple expediency of refusing to furnish its list of witnesses.  We think this harm sufficiently irreparable to require this court's intervention.

Accordingly, it is ordered that defendant and each of them be and they hereby are enjoined from future prosecution of the underlying unfair labor practice proceeding against plaintiff until five days after plaintiff is in receipt of the list of witnesses requested in interrogatories served upon defendants.

---

6.  Five circuits have considered the question and it is true that they have reached divergent views.