NATIONAL LABOR RELATIONS
BOARD, Applicant,

v.

HARDEMAN GARMENT CORPORA-
TION and Lauderdale Garment
Corporation, Respondents.

No. C–75–148.

United States District Court,
W. D. Tennessee, W. D.

Nov. 25, 1975.

On Motion for Reconsideration
Jan. 6, 1976.

Order Jan. 15, 1976.

John F. Harrington, Regional Atty., Region 26 and Timothy J. O'Leary, Atty., Region 26, Memphis, Tenn., and Abigail Cooley, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for applicant.

Yelverton Cowherd, Jr., and W. Kerby Bowling, Memphis, Tenn., for respondents.

WELLFORD, District Judge.

### ORDER

The Court has heretofore granted the initial relief sought in this case by applicant NLRB seeking to subpoena records and information from respondent companies in respect to pending unfair labor practice charges.[1] Respondents, how-

ever, filed a counterclaim for an order requiring production by the NLRB under the Freedom of Information Act (FOIA, 5 U.S.C. § 552), as amended in 1974. At issue with respect to production are affidavits of witnesses the General Counsel for the NLRB would call to testify in support of the NLRB complaint against those respondents, who assert they have moved for this information at an earlier administrative proceeding and that it was summarily denied. Successive appeals to the Office of General Counsel of the NLRB were likewise denied. In effect, since this Court has granted the NLRB relief by way of compelled discovery, it has also granted NLRB's motion to sever the consideration of the relief sought (and granted) in the complaint and in the counterclaim by respondents.

Representatives of the NLRB have completed an investigation of unfair labor practice charges against these respondents. This has now blossomed into the full flower of formal complaints on the basis of union charges. Substantial rights and interests of the respondents are at 'issue, and they are subject to serious economic sanctions and burdens as a result. Respondents are formally charged with violations of labor laws, and they must prepare to respond at their peril to charges instituted by a powerful government agency. Unless exempt by reason of confidentiality or other reasons set forth by law, defendants in a civil proceeding would expect to be able to discover information relative to a complaint made against them.

The NLRB has moved, however, to dismiss the counterclaim, or in the alternative, for summary judgment on the issues, and a hearing has been held on this motion. The NLRB's first argument is that the General Counsel, rather than the NLRB, is the proper party. This argument, however, seems to avoid the issue, and other courts have considered the NLRB to be a proper party in such a controversy, *NLRB v. Schill,*

---

1. See Order dated June 11, 1975.

408 F.2d 803 (5th Cir. 1969); *Phillips v. Retail Clerks*, 86 LRRM 2358 (# 74–208, M.D.Tenn.1974); *Cessna Aircraft v. NLRB*, 405 F.Supp. 1042 (Kan.1975). Administratively, respondents have exhausted their opportunity or remedy for this discovery before the NLRB. The NLRB seeks to avoid discovery of the affidavits under exemption (7) relating to "investigatory files compiled for law enforcement purposes." (5 U.S.C. § 552(b)(7)). Such records are exempt from disclosure if their production would, *inter alia*:

"(A) interfere with enforcement proceedings . . .

(C) constitute an unwarranted invasion of personal privacy, (or)

(D) (or) disclose the identity of a confidential source . . . ."

(88 Stat. 1563, 1974 Amendment to FOIA)

The purpose of this exemption is to prevent premature disclosure of information that would hamper enforcement efforts. Here the NLRB has already elected to proceed formally and has discovered from respondents all pertinent material. *Raser Tanning Co. v. NLRB*, 276 F.2d 80 (6th Cir. 1960), cert. den. 363 U.S. 830, 80 S.Ct. 1601, 4 L.Ed.2d 1524, cited by the NLRB, was decided before the Freedom of Information Act, and was based upon a party's waiver before the Board of an asserted right to examine witnesses during a proceeding. Similarly, *NLRB v. Vapor Blast Mfg. Co.*, 287 F.2d 402 (7th Cir. 1961), involved pre-FOIA procedures and demands for statements made "*prior* to the issuance of the unfair labor practice complaint," and also involved "failure of respondent to exhaust its administrative remedies." 287 F.2d 405 (emphasis ours). Neither case is controlling here. *NLRB v. Automotive Textile Products*, 422 F.2d 1255 (6th Cir. 1970), involved no issue raised under FOIA, but rather approved NLRB procedures for producing witness affidavits at the time of hearing, if requested. This Court agrees with Judge Gagliardi in *Title Guarantee Co. v. NLRB*, 407

F.Supp. 498, 504, 90 LRRM 2849, 2852–53 (S.D., N.Y., 1975) that

"[U]nder the original version of Exemption 7, virtually any material compiled in the course of an investigation would be withheld from disclosure. H.R.Rep. No. 1497, 89th Cong., 2d Sess. 11 (1966); S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965). Thus, in *Wellman Industries Inc. v. N. L. R. B.*, 490 F.2d 427 (4th Cir. 1974), the Court held that affidavits obtained by an N. L. R. B. investigator during his inquiry into Union objections to a representation election were not discoverable under the Act as the Exemption was designed to 'prevent premature disclosure of an investigation so that the Board can present its strongest case . . . .' Id. at 431 citing *Wellford v. Hardin*, 444 F.2d 21 (4th Cir. 1971)."

This was the state of law when *NLRB v. Automotive Textile Products, supra*, and *Wellman v. NLRB*, 490 F.2d 427 (4th Cir. 1974) were decided. The 1974 Amendment, however, changed this situation, as stated in *Title Guarantee Co.*, 407 F.Supp. 504, 90 LRRM 2853:

"In 1974, however, the Act was amended substantially changing the provisions of Exemption 7. Defendant, itself, concedes that the purpose of the amendments, as evidenced by the legislative history, was to limit the exemption to instances where disclosure would interfere with one of a specific set of interests. The amendment requires that the government 'specify some harm in order to claim the exemption' and does not 'afford . . . all law enforcement matters a blanket exemption.' 120 Cong.Rec. H10868 (Remarks of Congressman Reed of New York) (daily ed. Nov. 20, 1974). In enacting the amended exception, the Congress was concerned with the sweeping exemptions afforded by some court decisions, see e. g., *Center for National Policy Review v. Weinberger*, 163 U.S.App.D.C. 368, 502 F.2d 370 (1974), and saw the amended exemption as narrowing the body of ma-

terial which would be withheld. 120 Cong.Rec. § 9331 (Remarks of Senator Kennedy) (daily ed. May 30, 1974). See also 120 Cong.Rec. § 9330 (Remarks of Senator Hart) (daily ed. May 30, 1974).

"In light of this history, and from the language of the amendment as well, it is clear that the courts must examine each situation individually and determine if any of the specific harms enumerated by the statute would result from disclosure. If the government does not satisfy its statutory burden of proof, 5 U.S.C. § 552(a)(4)(B), that some such particular harm exists, the 'general philosophy of full agency disclosure,' *N. L. R. B. v. Sears, Roebuck & Co.* [421 U.S. 132, at 136, 95 S.Ct. 1504, at 1509, 44 L.Ed.2d 29], must prevail and the material be disclosed."

The NLRB has not shown that it would be harmed by the disclosure of the affidavits. In any event, they will be presented to the Court, *in camera*, with an opportunity for NLRB, within thirty (30) days, to set forth the specific harm asserted in event of disclosure. See also *NLRB v. Schill Steel Products, supra.* "[T]he statutory language 'clearly unwarranted' instructs the court to tilt the balance in favor of disclosure." *Getman v. NLRB*, 146 U.S.App.D.C. 209, 450 F.2d 670, 674 (1971). Even though the word, "clearly", has now been eliminated, the Courts recognize Congress' concern with the right of the public—and private parties—to be informed about federal administrative procedures, practices and evidence gathering.

Likewise, for the reasons stated, we agree with the conclusions in *Title Guarantee Co.*, 407 F.Supp. at 504, 90 LRRM at 2853–2854, that disclosure here would not necessarily constitute an unwarranted invasion of personal privacy. Examination of the affidavits by the court would be made again with NLRB opportunity within thirty (30) days to set forth further specifics with respect to their contention.

Again, the NLRB has not demonstrated, in fact, that statements or affidavits were taken under and after express assurances of confidentiality, and the burden is upon NLRB to show this. Even if this were the case, the Court might eliminate a name or address or identifiable reference to protect the identity of a witness and, if necessary, or if he were entitled to an "informer status", this could still give respondents the benefit of the nature of evidence relied upon by the NLRB generally. This is not a criminal case and the NLRB does not enjoy the protection sought by its analogy to criminal law proceedings.

For the reasons indicated, the NLRB's motion to dismiss the counterclaim and for summary judgment is denied. The NLRB will make legible copies of the contested affidavits available to the Court promptly for further consideration in light of respondents' request for disclosure.

### ON MOTION FOR RECONSIDERATION

On November 25, 1975, this Court entered an Order denying NLRB's motion to dismiss and/or for summary judgment with respect to whether that agency might have to reveal, under the FOIA, certain affidavits or documents relating to pending unfair labor practice charges against respondents. This Court concluded that NLRB should submit to this Court, within thirty (30) days, for *in camera* inspection, such contested documents in order to make a further determination and ruling on respondents' motion to be furnished this information. On December 22, 1975, NLRB moved for reconsideration, and respondents have responded to this motion. In one respect, the Court will reconsider the prior Order; NLRB's motion to dismiss respondents' counterclaim is overruled; and the motion for summary judgment on the concededly legal issues involved is taken under advisement pending a prompt opportunity to review *in camera* the items in controversy.

It has been called to the Court's attention, however, that NLRB has, on December 5, 1975, *following this Court's Order*, re-scheduled hearings on the Union's unfair labor practice charges to February 2, 1976. Respondents now seek a stay of these NLRB hearings pending a definitive ruling by this Court on their insistence that they have a FOIA right to view the affidavits and documents on which presumably NLRB will base its evidence and support charges against them.

■ *NLRB v. Scrivener*, 405 U.S. 117, 92 S.Ct. 798, 31 L.Ed.2d 79 (1972), is relied upon in applicant's motion for reconsideration. That case, however, merely established that an employer may not retaliate against an employee for filing a charge, giving testimony at a hearing, or for participating by giving an affidavit in the investigatory stages of such matters by NLRB and its representatives. This Court's ruling would in no way free the respondents from their duty not to coerce or retaliate by reason of any such actions by an employee. Indeed, this Court, or any other appropriate jurisdiction, would take effective action if any such attempt by respondents were established by evidence. It is admitted by the NLRB in its memorandum in support of its motion to reconsider that "Section 8(U)(4) of 29 U.S.C. § 158 provides an effective means of protecting witnesses who testify in Board hearings ——." *Scrivener, supra*, extends that same protection to investigatory stages. If, after *in camera* inspection of the documents in question, this Court were to be advised by NLRB that the statements or affidavits of witnesses A, B and C were *not* to be used in the hearing, this might obviate a problem respecting these particular statements or potential witnesses. It is not a basis for ruling now in favor of NLRB. While the Court will consider the application in this case of the rationale of other district courts in *Climax Molybdenum Co. v. NLRB* ( # 75–M–977, # 75–M–1029, 11–4–75, D.Cal.), *Deering Milliken v. Nash* ( # 75–864, 11–12–75, D.S.C.), and *Kaminer v. NLRB*, 90 LRRM 2269 (S.D.Miss., 1975), it must be furnished the documents in question before making this determination under all of the circumstances.

■ Unlike the party in *Renegotiation Board v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974), respondents here have exhausted their administrative remedies seeking information under FOIA, as amended. This Court sees no express reason why a party should be in a less favorable position to have access to administrative information than a member of the public generally. Hardeman Garment Corp.'s "rights under the Act are neither increased nor decreased by reason of the fact that it claims an interest . . . greater than that shared by the average member of the public." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143, 95 S.Ct. 1504, 1513, 44 L.Ed.2d 29 at footnote 10 (1975).

■ Accordingly, it is ordered that NLRB make available to the Court *within two (2) weeks* of this Order for *in camera* inspection the affidavits and documents in controversy for the Court to be able to rule promptly on NLRB's motion for summary judgment on the issue of disclosure to respondents. The Court will then be in position at least ten (10) days before hearings scheduled in NLRB cases # 26–CA–4924, 4977, 5057, 5313 and 5632 involving respondents to consider whether respondents' motion for a stay should or should not be granted.

NLRB will also indicate to the Court, not to respondents, whether or not it intends to utilize at its scheduled hearings the information and which specific affiants who submitted such information, at the time it delivers the documents for *in camera* inspection.

## ORDER

■ The Court has heretofore, on January 6, 1976, entered an Order indicating that the Court had not at that time been furnished certain material for inspection *in camera* with regard to the issues and controversies pertaining to the Freedom

of Information Act, as amended. It appears that the National Labor Relations Board had, in fact, furnished the documents and by inadvertence the Court was not aware that they were available. In any event, the Court has marked certain portions of some of the affidavits which it believes, under the provisions of the Freedom of Information Act and for the reasons set out in the prior orders of the Court, should be furnished to the respondents and counter-complainants. The Court has, however, submitted these portions to the NLRB so it will have an additional opportunity to advise the Court beyond the basis of objections heretofore made, as to whether any portions so approved to be made available to the respondent-employer would, in any way, identify the particular affiant.

Unless further information is submitted by Jan. 19, 1976 to indicate that such portions would so be identifiable, the Court will make available to the respondent-employer those portions of the affidavits of the certain former employees (or present employees) within the keeping of its prior findings.

It is reiterated that the NLRB has not shown that these matters were given to it on a specific commitment or promise of confidentiality.