**GOODFRIEND WESTERN CORP.
d/b/a Wrangler Wranch**

v.

**Robert S. FUCHS et al.**

**No. CA 76–644–T.**

United States District Court,
D. Massachusetts.

March 1, 1976.

Harold N. Mack, Morgan, Brown, Kearns & Joy, Boston, Mass., for plaintiff.

Richard D. Zaiger, NLRB, Boston, Mass., for defendants.

## OPINION

TAURO, District Judge.

Plaintiff in this case, Goodfriend Western Corp., seeks to compel the National Labor Relations Board (N.L.R.B.) to disclose, pursuant to the Freedom of Information Act (the Act), 5 U.S.C. § 552, certain affidavits relating to an unfair labor practice charge against Goodfriend Western Corp. In addition, plaintiff seeks injunctive relief restraining the N.L.R.B. from conducting the pending proceedings on these charges until a reasonable time after such disclosure. After a full hearing on the merits, and in camera review of defendants' file,[1] this court has concluded that the requested documents fall squarely within the parameters of the Act and are not covered by any of the exemptive provisions of 5 U.S.C. § 552(b). This being so, the court has ordered the defendants to disclose the requested documents and has enjoined them from proceeding with the action "*In the Matter of Goodfriend Western Corp., d/b/a Wrangler Wranch, and Local 1291, Retail Employees Union,* Case No. 1–CA–11,087," until they have made the required disclosure.[2]

### I

Counsel for all parties agree that there is no factual dispute in this matter.

On October 3, 1975, Local 1291, Retail Store Employees Union, associated with Retail Clerks International Association, AFL–CIO (hereinafter Local 1291) filed a charge with the defendant regional di-

---

1. Defendants' file contained much material which is not relevant to the scope of this opinion and order. To disclose what documents in defendants' file are not covered herein would be to expose them by indirection. It is enough to say that this opinion and order are limited to the signed affidavits of persons who were scheduled to testify before the N.L.R.B. on February 24, 1976, one day following the issuance of this court's disclosure order.

2. Because proceedings in case No. 1–CA–11,-087 were scheduled for February 24, 1976, a summary order was issued by this court on February 23. This opinion is intended to elaborate more fully the basis for that order.

rector, alleging violations by the plaintiff of various sections of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (3) and (5). The gist of these allegations is that the plaintiff has illegally interfered with the attempts of Local 1291 to form a union among plaintiff's workers. Nine workers have allegedly been permanently discharged by the plaintiff for their association with Local 1291.

On December 3, 1975 the defendant regional director issued a complaint against the plaintiff pursuant to Section 10(b) of the National Labor Relations Act as amended, 29 U.S.C. § 160(b), charging plaintiff with unfair labor practices. The complaint was set for hearing before an Administrative Law Judge of the N.L.R.B. on February 24, 1976.

On December 29, 1975 the plaintiff requested that the defendant regional director make available for inspection and copying, pursuant to 5 U.S.C. § 552, "all written statements, signed or unsigned, contained in the Regional case file, resulting from N.L.R.B. interviews of witnesses offered by the Charging Party [Local 1291] or otherwise resulting from investigation of the charge." On December 30 this request was denied on the ground that the information requested was exempt from disclosure pursuant to certain provisions of the Act. 5 U.S.C. §§ 552(b)(5), and (7)(A), (C) and (D).

On December 31, 1975 this denial was appealed to the defendant general counsel of the N.L.R.B. On February 2, 1976 this appeal was denied.

With these requests and denials, plaintiff has exhausted its administrative remedies. *Rules and Regulations of the National Labor Relations Board*, Series 8, § 102.117(c), 29 C.F.R. § 102.117(c).

## II

The case presents two issues for determination: *first*, whether the Act requires disclosure of the documents; *second*, whether the remedial powers of this court, assuming disclosure is re-

quired, include the power to enjoin the agency proceeding.

With respect to the first issue, it is clear that the defendants do not enjoy any blanket exemption from the Act. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). This court has jurisdiction to examine the requested documents, make a *de novo* determination of their status under the Act and, if appropriate, order their disclosure. 5 U.S.C. § 552(a)(4). The mere fact that the plaintiff in this case is a party in an action pending before the N.L.R.B. does not diminish its rights under the Act. *See Cessna Aircraft Co. v. N.L.R.B.*, 405 F.Supp. 1042, 1046 (D.Kan.1975).

The defendants here have the burden of justifying their refusal to disclose the subject material, 5 U.S.C. § 552(a)(4)(B), and their effort to do so must be assessed in the context of the "general philosophy of full agency disclosure." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 136, 95 S.Ct. 1504, 1509, 44 L.Ed.2d 29, 39 (1975).

In resisting disclosure, defendants have cited four sub-sections of the Act which exempt certain material from the general disclosure requirements.

Exemption 5, 5 U.S.C. § 552(b)(5), states that the Act does not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." This exemption has recently been construed in *N.L.R.B. v. Sears, Roebuck & Co., supra.* There the Court stated:

Since virtually any document not privileged may be discovered by the appropriate litigant, if it is relevant to his litigation, and since the Act clearly intended to give any member of the public as much right to disclosure as one with a special interest therein . . ., it is reasonable to construe Exemption 5 to exempt those documents, *and only those documents*, normally privileged in the civil discovery context.

*Id.*, at 148–49, 95 S.Ct. at 1515, 44 L.Ed.2d at 46. (Emphasis supplied) (Citations and footnote omitted). Defendants in the instant case contend that the requested documents constitute a form of "attorney work product" exempt from discovery under normal civil procedure rules and, therefore, beyond the disclosure provisions of the Act. But, the Supreme Court has described this privilege in a manner that definitively disposes of defendants' claim of protection.

> Virtually all of the courts that have thus far applied Exemption 5 have recognized that it requires different treatment for materials reflecting deliberative or policy-making processes on the one hand, and purely factual, investigative matters on the other.

*E.P.A. v. Mink*, 410 U.S. 73, 89, 93 S.Ct. 827, 835, 35 L.Ed.2d 119, 133 (1973), and cases cited. (Footnote omitted). *Title Guarantee Co. v. N.L.R.B.*, 407 F.Supp. 498 (S.D.N.Y.1975).

■ As a result of its in camera inspection, the court finds that the subject affidavits contain purely factual, investigative material. Exemption 5 therefore does not insulate the requested documents from disclosure.

The other three exemptions cited by defendants are subsections of Exemption 7, which were completely overhauled by Congress in 1974.[3] The relevant provisions now state that the Act does not apply to:

> . . . investigatory records compiled for law enforcement purposes to the extent that the production of such records would
>> (A) interfere with enforcement proceedings . . .
>> (C) constitute an unwarranted invasion of personal privacy,
>> (D) disclose the identity of a confidential source . . . .

5 U.S.C. § 552(b)(7)(A), (C) and (D).

The prime basis for defendants' refusal to disclose has been Exemption 7(A). Prior to the 1974 amendments, the affidavits presently sought by the plaintiff were not subject to compelled disclosure. *Wellman Industries Inc. v. N.L.R.B.*, 490 F.2d 427 (4th Cir.), *cert. denied*, 419 U.S. 834, 95 S.Ct. 61, 42 L.Ed.2d 61 (1974) is precisely in point, barring the forced disclosure of affidavits obtained by N.L.R.B. investigators in connection with charges of unfair labor practices. *See also N.L.R.B. v. Clement Brothers Co.*, 407 F.2d 1027 (5th Cir. 1969); *Barceloneta Shoe Corp. v. Compton*, 271 F.Supp. 591 (D.P.R.1967).

Very much in issue, however, is the effect of the recent changes in the statute. Defendants argue forcefully that the 1974 amendments to Exemption 7 cannot be interpreted as overruling existing case law. They offer statements of Senator Hart, a sponsor of the amendments, to the effect that the changes are "by no means a radical departure from existing case law under the Freedom of Information Act." 120 Cong.Rec. S9330 (daily ed. May 30, 1974). They note that, while Senator Hart did specify several cases from the District of Columbia Circuit which the amendments were intended to overrule, he did not mention any of the cases cited above which had established guidelines for disclosure of material relevant to N.L.R.B. hearings.

This court has reviewed the legislative history of the present Exemption 7 offered by the defendants and is simply not persuaded that the N.L.R.B. remained unaffected by the obviously substantial restrictions which the 1974 amendments put on invocation of this exemption. The remarks of various Congressmen offered by the defendants provide only general guidance. The court cannot agree that the specification of certain precedents which the amendments were intended to overrule inevitably implies that unspecified areas of case law were intended to be left untouched.

---

**3.** As originally enacted Exemption 7 applied broadly to "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency." 5 U.S.C. § 552(b)(7), (1967).

It is certainly clear that the amendments were intended to terminate what Congress considered an overly-expansive view by the courts of the exemption provisions of the Act. The refurbished Exemption 7 now requires an agency to "specify some harm in order to claim the exemption . . .." 120 Cong.Rec. H10868 (daily ed. Nov. 20, 1974) (Remarks of Congressman Reed.)

█ The court agrees with Judge Gagliardi's approach in *Title Guarantee, supra*, that claims of protection under Exemption 7 must be examined individually and the specific harm alleged to the agency weighed on a case by case basis. In this case, plaintiff by agreement in open court sought only the affidavits of witnesses whom the government intended to call at the scheduled hearing before the Administrative Law Judge of the N.L.R.B. At the time of the hearing on the merits in this case, the scheduled N.L.R.B. hearing was less than three working days away. At the time this court issued its order requiring the defendants to make disclosure, less than twenty-four hours remained before the hearing. Defendants concede that, after the testimony of the witnesses at the scheduled N.L.R.B. hearing, plaintiff would be given copies of the requested affidavits for use in cross-examination. No evidence was offered by defendants specifying the harm which would fall upon the N.L.R.B. by a compelled disclosure of these affidavits on Monday, February 23, 1976 instead of the following morning.

█ Clearly, revealing these affidavits would not—to use the language of the statute—"interfere with enforcement proceedings" in the N.L.R.B. action

pending against the plaintiff. Agency investigation was completed, the witnesses subpoenaed and the hearing scheduled to go forward.[4]

Nor, on the specific facts of this case, will the precedent set here in any way compromise the ability of the defendants to secure cooperation from witnesses in future cases. To repeat, only the affidavits of those witnesses who have already committed themselves to airing the contents of their affidavits publicly will be disclosed. In any event, these affidavits would be available to plaintiff immediately after direct examination which had been scheduled to take place twenty-four hours after the issuance of the court's disclosure order. This decision drags no witness into the limelight. A future witness in a subsequent unrelated N.L.R.B. action may confide his experiences to the N.L.R.B. investigator with the full assurance that his statements will remain closed to public view until he has committed himself, or resigned himself, to testifying about them in an open hearing, after which testimony his affidavit is subject to disclosure in any event.

In reaching this conclusion this court is in agreement with recent district court decisions closely in point. *Poss v. N.L. R.B.*, 91 LRRM 2232, (D.Colo., December 17, 1975); *N.L.R.B. v. Hardeman Garment Corp.*, 406 F.Supp. 510 (W.D.Tenn. 1975); *Title Guarantee Corp. v. N.L.R.B.*, 407 F.Supp. 498 (S.D.N.Y.1975) *stay pending appeal denied*, 90 LRMM 3238, (November 28, 1975). *But see AMF Head Division of AMF Inc. v. N.L.R.B.*, CA No. 76–F–124 (D.Colo. February 12, 1976); *Harvey's Wagon Wheel, Inc. v. N.L.R.B.*, No. C–75–2487 SAW (N.D.Cal. February 5, 1976); *Climax Molybdenum*

4. This court is prepared to concede that, on different facts, a more compelling case for harm might be made. For example, if the agency could show that disclosure of witnesses' names and testimony weeks or months before a hearing could result in retributive action by the employer, or threats which might prevent the witness from testifying, "interference" might be found. However, there has been no attempt to show such a possibility in

this case. Further, the timing in this case virtually precludes such a possibility. At the time of the issuance of this court's order, less than a day remained before the hearing. This decision requires the witness to endure for an additional day the consequences, if any, which his public testimony will bring about. Nothing on this record indicates that this factor would have a deterrent effect on available testimony.

*Company v. N.L.R.B.*, 407 F.Supp. 208 (D.Colo.1975).

No authoritative decision from any Court of Appeals on the issue in this case, subsequent to the 1974 amendments to the Act, has been brought to this court's attention. Defendants' counsel stated during oral argument that some or all of the district court decisions contrary to their position had been or would be appealed. It is worth noting that two of these cases, *Title Guarantee* and *Poss,* went beyond this court's holding and appear to require the disclosure of the statements of all persons giving evidence against the party seeking access.

■ The two remaining claims by the defendant—that disclosure in this case is pre-empted by Exemptions 7(C) and (D) —are similarly without merit. Exemption 7(C) forbids revealing investigatory records when the production would "constitute an unwarranted invasion of personal privacy." This court can state from its in camera review of the subject affidavits that they pertain only to the dispute between Local 1291 and the plaintiff. No matters of a personal nature involving any witness' right to privacy are involved. For an enumeration of matters which do fall within the "privacy" exemption, see *Rural Housing Alliance v. U. S. Department of Agriculture,* 162 U.S.App.D.C. 122, 498 F.2d 73 (1974) (information concerning marital status, legitimacy of children, medical conditions, family fights and the like).

■ Exemption 7(D) prevents compelled production of material which would "disclose the identity of a confidential source." Defendants state that they have told informants that their affidavits will not be made public unless and until they have testified at the N.L. R.B. hearing. They argue that this assurance has made these witnesses in some sense confidential sources. This court does not agree. The persons in question have committed themselves to testifying in public. At the time of the hearing on the instant matter the subpoenas for these witnesses had already

issued (unless the agency felt confident the witness would not require one), and the hour of truth was virtually at hand. No accepted definition of the term "confidential" could at that point describe the persons whose affidavits this court has ordered revealed.

In conclusion, then, this court holds that the defendants in this case have failed to specify any significant of credible harm which disclosure of the requested documents might work. They have thus failed to carry the burden of justifying their refusal to disclose.

### III

■ Having concluded that these requested documents must be produced, the court turns to the second question— the remedial powers of the court upon failure or refusal to comply. The crucial issue is whether this court has the power to enjoin the pending administrative proceeding unless and until the defendants comply with the order to disclose.

■ It seems clear—and the defendants do not dispute—that, given the proper circumstances, a district court may enjoin an agency proceeding for failure to comply with the disclosure requirements of the Act. *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974), although it denied the power of the court to enjoin renegotiation proceedings, made the general point that

> [w]ith the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.

*Id.* at 20, 94 S.Ct. at 1038, 39 L.Ed.2d at 137. Among these powers, as was clear from the context of the Court's remarks, is the power to enjoin an agency proceeding. *See also Sears, Roebuck & Co. v. N. L. R. B.,* 153 U.S.App.D.C. 380, 473 F.2d 91, 93 (1972), *cert. denied,* 415 U.S. 950, 94 S.Ct. 1474, 39 L.Ed.2d 566 (1974).

The issue, given this general power, is whether the circumstances create a pos-

sibility of serious and irreparable harm, sufficient to justify the concededly extraordinary step of enjoining the agency proceeding. At present, the district courts appear to be as split on this issue as they are on the appropriate scope of Exemption 7. *Compare Title Guarantee, supra, with General Cigar Co., Inc. v. Nash*, 89 LRRM 2863 (D.D.C. July 5, 1975) and *AMF Head Division of AMF Inc. v. N. L. R. B., supra.*

This court is persuaded that failure to enjoin the N.L.R.B. hearing until defendants have made the required disclosure would work irreparable harm on the plaintiff. The core allegation made by the charging party is that plaintiff permanently discharged nine employees for their union activities. Several months have passed since their dismissal. If plaintiffs are found to have illegally dismissed these persons they may be required to reinstate the employees with full back pay. Their inability to review the statements of witnesses who will testify against them—which this court has found they have a *right* to do—substantially compromises their ability to prepare adequately for this hearing. In addition, review of these affidavits may convince the plaintiff to enter into some less adversarial stance in regard to these charges, with a possible disposition of the case without a hearing. Finally, if plaintiffs are deprived of these affidavits now and proceed to a hearing resulting in a judgment which they later successfully appeal on the ground that they should have been given the affidavits, they may be forced to undergo the entire hearing process again on remand. All these factors convince the court that agency proceedings must be enjoined until defendants have complied with the order to disclose.

## IV

For these reasons this court on February 23, 1976 issued the order appended hereto and marked Appendix A.

## APPENDIX A

### ORDER

Plaintiff seeks an order from this court, under the terms of the Freedom of Information Act (the Act), 5 U.S.C. § 552, requiring the defendants to disclose certain records in their possession. In accordance with the terms of 5 U.S.C. § 552(a)(4)(B) this court has examined the requested documents *in camera* with a view to making a *de novo* determination of the plaintiff's right to obtain them.

The documents in question relate to an action presently set for hearing before an Administrative Law Judge of the National Labor Relations Board on February 24, 1976, *In the Matter of Goodfriend Western Corp. and Local 1291, Retail Store Employees Union*, Case No. 1–CA–11,087. Part of the defendants' file in this case consists of affidavits made by persons whom the defendants intend to call as witnesses in this action. This court finds that these affidavits are not protected by any exemption from the terms of the Act and must be disclosed.

The affidavits are not included in exemption (b)(5) of the Act, which by its terms covers only "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Affidavits of third parties do not fall within this category.

Nor are these affidavits protected by any of the provisions of subsection (b)(7), which bans the disclosure, under specified circumstances, of "investigatory records compiled for law enforcement purposes." The persons whose statements plaintiff seeks to obtain will be testifying at the Board hearing less than twenty-four hours hence. The defendants have conceded that after their testimony the affidavits of these witnesses now sought will be turned over to the plaintiff. The present disclosure of affidavits which will be available a matter of hours from now could not in any way

"interfere with enforcement proceedings," 5 U.S.C. § 552(b)(7)(A), as defendants claim. Obviously, the release of the affidavits now will not interfere with the prosecution of Case No. 1–CA–11,-087. Investigation is complete in this matter and it is ready for hearing. Nor is there any likelihood that the disclosure, hours before hearing, of the affidavits of witnesses willingly testifying in this case will prejudice the ability of the defendants to obtain statements from witnesses in other investigations. The court is not ordering the disclosure of any confidential statement, made by a witness who has not made clear his intention to testify. This fact also undercuts the defendants' assertion that disclosure of these affidavits would violate exemption (b)(7)(D), covering records which "disclose the identity of a confidential source . . . ." To repeat, this court's order identifies only those persons who have already committed themselves to testify publicly as to the matters contained in their statements.

Finally, disclosure of these affidavits will not "constitute an unwarranted invasion of personal privacy." The court has confirmed in its *in camera* review that these affidavits pertain only to the dispute between Local 1291 and the plaintiff. They do not reveal matters of a personal nature involving any witness' right to privacy.

In sum, the defendants have failed to specify any harm which disclosure of these affidavits would work. This court, therefore, finds that the defendants have failed to carry the burden which the Act puts upon them to justify their refusal to disclose. 5 U.S.C. § 552(a)(4)(B).

The plaintiff in this case has demonstrated that its inability to obtain the requested affidavits prior to the hearing now scheduled for February 24, 1976 will inflict serious and irreparable harm on it. Without the affidavits plaintiff will be unable to assess with clarity the soundness of the case against it. Such an assessment might well result in some disposition of the matter without hearing. If a hearing is held, a decision on review that plaintiff should have been afforded these affidavits could result in a remand and re-initiation of the entire hearing process.

In conclusion, then, the defendants in this case are hereby ORDERED to turn over to plaintiff, immediately, copies of written affidavits in their files made by persons whom they intend to call as witnesses in the case, *In the Matter of Goodfriend Western Corp. and Local 1291, Retail Store Employees Union*, Case No. 1–CA–11,087 scheduled for hearing on February 24, 1976. Proceedings in Case No. 1–CA–11,087 are ordered enjoined, until the defendants comply with this order.

Formal opinion to issue.