NATIONAL LABOR RELATIONS
BOARD, Applicant-Appellee,

v.

Elmer R. LEWIS, President, Plastic Workers Union Local 18, L. U. D. T. W., AFL–CIO, et al., Respondents-Appellants.

No. 13726.

United States Court of Appeals
Seventh Circuit.

Nov. 29, 1962.

David R. Loewenberg, Sheldon M. Charone, Chicago, Ill., Carmell & Charone, Chicago, Ill., of counsel, for appellant.

Stephan B. Goldberg, Atty., N.L.R.B., Washington, D. C., George Squillacote, Atty., N.L.R.B., Chicago, Ill., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Atty., N.L.R.B., for appellee.

Before DUFFY, KILEY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from an order entered by the District Court, on petition of the National Labor Relations Board, to enforce a subpoena duces tecum requiring respondents (hereinafter referred to as the Union) to produce certain records at a Board hearing. The proceedings resulted from a charge filed with the Board, alleging that Sinko Manufacturing and Tool Company had committed certain unfair labor practices by its recognition of the Union as the collective bargaining representative at a time when the Union did not represent an uncoerced majority of Sinko's employees. After an investigation of such charges, the Board issued its complaint against Sinko.

On December 5, 1961, the Board, at the request of its General Counsel, issued a subpoena addressed to officials of the Union, directing them to appear before a Trial Examiner of the Board on December 12, 1961, and there to give testimony and produce certain documents. Officials of the Union who were not parties to the complaint filed an answer to the subpoena, denied the relevancy and materiality of the records sought and requested that the subpoena be revoked.

The Trial Examiner denied the request as to a portion of the records sought but declined to order their production on the ground that the Union had previously stated its willingness to produce them. These records included all Union authorization cards, applications for membership and dues check-off authorizations executed in favor of the Union during the relevant period. Subsequently, the Union refused to produce any of the records requested unless and until the General Counsel called a witness to establish the alleged unfair labor practices. Thereupon, the Board applied to the District Court for an order requiring obedience to its subpoena, which the Court allowed, and it is from this order the appeal comes to this Court.

The Union here broadly attacks the statutory authority of the Board to compel the production of books and records in the possession of a non-respondent by the use of a subpoena duces tecum issued on behalf of the General Counsel. More specifically, it is contended that it is a violation of the Act and an abuse of administrative discretion for the General Counsel to obtain information by the use of such a subpoena during the actual unfair labor practice hearing when the General Counsel has failed to use a pre-complaint subpoena to obtain such information.

Section 11 of the National Labor Relations Act (Title 29 U.S.C.A. § 161(1)), entitled "Investigatory powers of Board," so far as material provides:

"(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any mem-

ber thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application."

The section authorizes the Board, upon the petition of a person thus required to produce evidence, to revoke the subpoena if in its opinion "the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings."

It is evident from an examination of the above statutory language that the Board is given two separate powers. By the first sentence, it is given a power to examine and copy, a power limited to "any person being investigated or proceeded against." By the second sentence, it is given the power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any relevant evidence. Nothing in the second sentence, which relates to the Board's subpoena power, limits that power to persons being investigated or proceeded against. Congress having expressly limited the Board's power to examine and copy to persons being investigated or proceeded against and, in the very next sentence, omitting this limitation on the Board's subpoena power, it is plain that no such limitation was intended as to the latter.

Cases relied upon by the Union to the effect that subpoenas issued for an improper purpose are unenforceable need not be cited or discussed. Reliance thereon begs the issue by assuming the validity of the premise upon which the Union predicates its contention, that is, that the subpoena was issued without authority.

The Union places great reliance upon National Labor Relations Board v. Barrett Co. et al., 120 F.2d 583 (7th Cir.). The issue before the Court in that case was whether the Board had the authority to issue a subpoena duces tecum during the course of its investigation of an unfair labor practice charge. This Court stated (page 586):

"We are satisfied that the Board's right (as well as its duty) to investigate, and in the course of its investigation, if need be, to issue subpoenas before it files a complaint, is clear."

Obviously, it does not follow, from the fact that the Board had the authority to issue the subpoena at the time of its investigation, that it was required to do so. Neither does it follow that the failure of the Board to issue the subpoena during the course of its investigation precluded it from doing so at the time of and in connection with the hearing of the charge on its merits.

The Union extends its argument to the point where it claims that it was deprived of due process of law because the Board, preliminary to the issuance of its complaint did not have information which it might have obtained by the issuance of a subpoena, by extensive interviews or by written statements and affidavits; in other words, it did not conduct what the Union characterizes as "a full investigation." There is nothing in the Act or in any court decision, so far as we are aware, which lends any aid to such an argument.

Section 3(d) of the Act (Title 29 U.S.C.A. § 153(d)), defining the duties of the General Counsel, states:

"He shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints * * *."

The action of the General Counsel relative to the issuance of a complaint being final, it is not subject to review. See National Labor Relations Board v. Indiana & Michigan Electric Co. et al., 318 U.S. 9, 17–18, 63 S.Ct. 394, 87 L.Ed. 579; Hourihan v. National Labor Relations Board et al., 91 U.S.App.D.C. 316, 201 F.2d 187, 188. Assuming, contrary

to what we think, that the discretionary power of the Board in the issuance of a complaint is subject to review for abuse of discretion, the record before us is insufficient for that purpose. Other than the fact that no subpoena duces tecum was issued during the course of the investigation, there is nothing in the record which shows what information the Board acquired prior to the issuance of its complaint.

■ The Union, citing United States v. Morton Salt Co., 338 U.S. 632, 642, 70 S.Ct. 357, 94 L.Ed. 401, asserts that the powers of the Board are comparable with those of a Grand Jury. The comparison is apt in that both the Board and the Grand Jury are empowered to investigate and act on probable cause. This does not mean that the Board is required to use all means at its disposal, including the issuance of a subpoena duces tecum, as a prerequisite to the exercise of its authority to issue a complaint any more than a Grand Jury is so required as a prerequisite to the exercise of its authority to return an indictment. Certainly the failure of the latter to utilize all means at its disposal in acquiring information would not preclude the use of such means at a trial on the merits. It is equally true, so we think, that the failure of the Board to utilize all means at its disposal to acquire information in the course of its investigation of an unfair labor practice charge does not preclude it from utilizing such means at a hearing on the merits.

It is plain that the records sought by the subpoena duces tecum were material to the issue as to whether the Union represented a majority of Sinko's employees at the time it was recognized as the bargaining agent. We hold that the General Counsel was entitled to the issuance of the subpoena and that the Court properly required compliance therewith. Its order is

Affirmed.