## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## VALLEY MOLD COMPANY, INC., Respondent.

### No. 75–1292.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 9, 1975.

Decided Feb. 17, 1976.

Peter Carre, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner; Michael Winer and Peter Bernstein, N. L. R. B., Washington, D. C., on the brief.

Thomas A. Holton, Eastabrook, Finn & McKee, John O. Henry, R. Bruce Snyder, Dayton, Ohio, for respondent.

Before PHILLIPS, Chief Judge and CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

This is a supplemental proceeding to a decision of this court, reported at 467 F.2d 482 (1972), in which we enforced the order of the Board against *Valley Mold Company, Inc.,* 191 NLRB 498 (1971). The Board found, *inter alia,* that the Company violated § 8(a)(3) and (1) of the Act by discriminatorily laying off seventeen named employees for the purpose of discouraging membership in the Union and by discharging nine employees because of their activities on behalf of the Union. The Board's order, enforced by this court, required that the Company: (1) make whole certain named employees for any loss they may have suffered by reason of the discriminatory lay off; (2) offer certain named employees immediate and full reinstatement to their former or substantially equivalent positions; and (3) make them whole for any loss of earnings suffered as a result of the discrimination against them.

When the parties were unable to agree upon the amount of backpay due the discriminatees, a backpay proceeding was instituted. The Board's Supplemental Decision and Order is reported at 215 NLRB No. 38 (1974). This order allows backpay to eight named dischargees in the amount of $39,742.98 and $941.90 to seventeen employees found discriminatorily laid off. Reference is made to the reported supplemental decision of the Board for a detailed recitation of pertinent facts.

The company vigorously contests the backpay order. Its principal contention is that the Administrative Law Judge abused his discretion by refusing to permit the Company to take discovery depositions prior to the reopened hearing. The Company hoped to minimize the backpay awards by ascertaining the names of persons in the offices of prospective employers, where backpay claimants alleged they sought employment. We find no merit in this contention. Section 10(b) of the Act, 29 U.S.C. § 160(b), provides that unfair labor practice hearings:

[S]hall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States, adopted by the Supreme Court of the United States . . . .

The Act does not require the Board to follow the discovery procedures set forth in the Federal Rules of Civil Procedure. *N.L.R.B. v. Interboro Contractors, Inc.,* 432 F.2d 854, 859 (2d Cir. 1970), *cert.*

*denied*, 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971). Since there is no specific provision in the Act for discovery procedures, it is the responsibility of the Board, so long as it conforms to the requirements of due process, to formulate its own rules as to when discovery is available to a party. *Electromec Design & Development Co. v. N.L.R.B.*, 409 F.2d 631, 635 (9th Cir. 1969). It is a matter within the discretion of the Board as to whether to participate in or permit pretrial discovery. *Trojan Freight Lines v. N.L.R.B.*, 356 F.2d 947, 948 (6th Cir. 1966).

 The company contends that it was deprived of due process by the rejection of its application to take prehearing depositions and by the denial by the Administrative Law Judge of its motion for a continuance, at the end of the General Counsel's case, to enable it to take depositions from employees and others having evidence bearing on the efforts of claimants to secure interim employment. It is well settled that parties to judicial or quasi-judicial proceedings are not entitled to discovery as a matter of constitutional right. *Interboro Contractors*, 432 F.2d at 857–58; *Starr v. Commissioner of Internal Revenue*, 226 F.2d 721, 722 (7th Cir. 1955), *cert. denied*, 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 859 (1955).

The Administrative Procedure Act does not confer a right to discovery in federal administrative proceedings. *Frilette v. Kimberlin*, 508 F.2d 205, 208 (3d Cir. en banc 1974), *cert. denied*, 421 U.S. 980, 95 S.Ct. 1983, 44 L.Ed.2d 472 (1975).

In the present case the General Counsel produced all claimants, and they were made available for cross-examination by the Company. Further, the Administrative Law Judge twice offered the Company the opportunity to reopen the record for the purpose of taking admissible evidence from any person or employer involved in or claimed to be involved in the claimants' efforts to secure interim employment; and stated that subpoenas would be available to insure the attendance of witnesses. The Company continued to insist on discovery deposition procedure and initiated an un-

successful action against the Board in the United States District Court.

We find no merit in the Company's claim of deprivation of due process.

From August 27, 1970, through September 14, 1970, the Union engaged in a strike at the Company's plant. All nine of the backpay claimants were discharged prior to the strike and six of them participated in the strike. The Company contends that claimants' backpay should be tolled for the eighteen days they participated in the strike, relying upon *N.L.R.B. v. Rogers*, 406 F.2d 1106 (6th Cir. 1969) and 427 F.2d 712 (6th Cir. 1970). We find the present case to be distinguishable from *Rogers*. None of the employees involved here engaged in any of the extensive union activity carried on by the claimant in *Rogers*. It cannot be said that the employees would not have struck had they not been discriminatorily discharged. This court's decision in *Rogers* is no bar to the Board's finding that backpay in the present case should not be tolled during the period of the strike.

All other contentions of the Company have been considered and are found to be without merit.

The order of the Board will be enforced.