**NATIONAL LABOR RELATIONS BOARD, Plaintiff-Appellee,**

v.

**MARTINS FERRY HOSPITAL ASSOCIATION, Defendant-Appellant.**

**MARTINS FERRY HOSPITAL ASSOCIATION, Plaintiff-Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee.**

Nos. 79–3408, 79–3409.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1981.

Decided May 27, 1981.

Dennis D. Grant, Bricker & Eckler, G. Roger King, Columbus, Ohio, for appellant in both cases.

John Kollar and Paul C. Lund, N. L. R. B., Cleveland, Ohio, Aileen Armstrong, Gen. Counsel, Sp. Litigation, N. L. R. B., Christine Weiner, Michael D. Stein, Washington, D. C., for N. L. R. B.

Before LIVELY and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

HARRY PHILLIPS, Senior Circuit Judge.

Case No. 79–3408 is before the court on the appeal of Martins Ferry Hospital Association of Martins Ferry, Ohio, (the Hospital) from the order of District Judge Robert M. Duncan, requiring the Hospital to obey a subpoena duces tecum issued by the Board. Judge Duncan directed the Hospital to turn over to the Board the original or copies of

IRS W–4 forms[1] of its employees, for use by the Board in connection with the General Counsel's investigation of Board Case No. 8–CA–10755. The stated purpose of the Board is to compare the signatures on the W–4 forms with purported signatures of employees on union membership authorization cards now in the Board's possession to determine whether a union is authorized to represent a majority of certain employees of the Hospital.

Case No. 79–3409 is before the court on the appeal from the summary judgment of District Judge Duncan refusing to order the Board to disclose to the Hospital the membership authorization cards purportedly signed by certain Hospital employees.

On September 25, 1979, this court entered a stay order in case No. 79–3408 and consolidated the two cases for hearing on appeal.

We affirm the decision of the district court in case No. 79–3409. We dissolve the September 25, 1979, stay order entered by this court in case No. 79–3408, modify the judgment of the district court in that case and affirm it as modified.

### I

On September 15, 1976, the Licensed Practical Nurse and Skilled Employees Professional and Economic Security Program, Inc. (LPN–SHEP), a labor organization, filed with the Board a petition requesting that an election be held among the Hospital's technical employees. LPN–SHEP claimed to represent at lest 30 per cent of the technical employees. Authorization cards purportedly signed by employees designating LPN–SHEP as their collective bargaining representative were submitted to the Board.

Another labor organization, Local 1199, National Union of Hospital and Health Care Employees (Local 1199), also filed three petitions seeking representation of three separate units of the Hospital's employees. Two of these three petitions claimed that 30 per cent or more of the employees in the requested unit supported Local 1199 as their collective bargaining representative. The third petition averred that a substantial number of employees supported Local 1199. On September 30, 1976, LPN–SHEP, in connection with a third labor organization, intervened with respect to one of Local 1199's petitions.

The Regional Director ordered elections in the three voting units petitioned for by the labor organizations. On December 16, 1978, elections conducted by the Board were held at the Hospital. A majority of the eligible voters in each unit voted against representation by any labor organization. Local 1199 filed 27 objections to the election, alleging pre-election misconduct by the Hospital. On January 24, 1977, Local 1199 filed an unfair labor practice charge against the Hospital, averring various acts allegedly

---

1. The W–4 form in part is as follows:

| Form **W-4** (Rev. October 1979) | Department of the Treasury—Internal Revenue Service **Employee's Withholding Allowance Certificate** |
|---|---|

Print your full name ▶                    Your social security number ▶

Address (including ZIP code) ▶

**Marital status:** ☐ Single  ☐ Married  ☐ Married, but withhold at higher Single rate
Note: If married, but legally separated, or spouse is a nonresident alien, check the single block.

**1** Total number of allowances you are claiming (from line F of the worksheet on page 2) . . . . . . . . . . .

**2** Additional amount, if any, you want deducted from each pay (if your employer agrees) . . . . . . . . . $

**3** I claim exemption from withholding because (see instructions and check boxes below that apply):
  **a** ☐ Last year I did not owe any Federal income tax and had a right to a full refund of ALL income tax withheld, AND
  **b** ☐ This year I do not expect to owe any Federal income tax and expect to have a right to a full refund of ALL income tax withheld. If both

    **a** and **b** apply, enter "EXEMPT" here . . . . . . . . . . . . . . . . . . . ▶
  **c** If you entered "EXEMPT" on line 3b, are you a full-time student? . . . . . . . . . . . . . . . ☐ Yes ☐ No

Under the penalties of perjury, I certify that I am entitled to the number of withholding allowances claimed on this certificate, or if claiming exemption from withholding, that I am entitled to claim the exempt status.

Employee's signature ▶                              Date ▶ , 19

Employer's name and address (including ZIP code) (FOR EMPLOYER'S USE ONLY) | Employer Identification number

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Detach along this line - - - - - - - - - - - - - - - - - - - - - - - -

rendering a fair election impossible. Local 1199 also claimed that it represented a majority of the Hospital's employees, as demonstrated by signed authorization cards, and that the Hospital unlawfully refused to bargain with this Union. The Board was asked to issue an order requiring the Hospital to bargain with Local 1199 as the exclusive representative of its employees in the respective units.

At the request of the General Counsel, the Board issued a subpoena duces tecum requiring the Hospital to produce IRS W-4 forms, or if such forms were unavailable, other documents bearing signatures of all employees in the involved units covering the period from June through October 1976. On June 1, 1978, the Board denied the Hospital's petition to revoke the subpoena, stating that the "information sought appear[ed] to be relevant to the matter under investigation." The Hospital refused to comply with the subpoena.

On August 1, 1978, the Board filed an application in the district court for an order requiring that the Hospital obey its subpoena duces tecum. The appeal from the decision of the district court granting the relief prayed by the Board is case No. 79-3408.

On June 5, 1978, the Hospital filed its complaint in the district court under the Freedom of Information Act praying an injunction requiring the Board to make available to the employer the membership authorization cards allegedly executed by its employees. The district court granted the Board's motion for summary judgment, holding that the membership application cards are exempt from the Freedom of Information Act. The appeal from this judgment is case No. 79-3409.

## II

It is well settled that a subpoena issued by the Board pursuant to 29 U.S.C. § 161(1) should be enforced if "the matter under investigation is within the jurisdiction of the Board and ... the evidence subpoened is related to that matter and is described with 'sufficient particularity'." *N. L. R. B. v. ITT Telecommunications*, 415

F.2d 768, 769 (6th Cir. 1969); *United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950). *See also Goodyear Tire and Rubber v. N. L. R. B.*, 122 F.2d 450 (6th Cir. 1941). This rule includes IRS W-4 forms signed by employees of a company against which a charge of unfair labor practice is pending before the Board. *N.L.R.B. v. Playskool, Inc.*, 431 F.2d 518, 519 (7th Cir. 1970).

Section 10057, N.L.R.B. Casehandling Manual (Part One), Unfair Labor Practice Proceedings, contains this statement of Board policy:

*Authorization Cards: Establishing Authenticity*

In all proceedings before the Board, the General Counsel offers only evidence which he has reason to believe is true and authentic. *It is mandatory upon Regions to establish the authenticity of authorization cards before issuance of complaint.* (Emphasis added.)

In his order requiring the Hospital to obey the subpoena duces tecum issued by the Board, District Judge Duncan emphasized that the Board is attempting to determine the asserted majority status of Union 1199 and needs to use IRS W-4 forms or other documents in the employer's possession bearing employee signatures in order to determine the validity of signatures on authorization cards. The Union is seeking a bargaining order pursuant to *N.L.R.B. v. Gissel Packing Co.*, 395 U.S. 575, 614, 89 S.Ct. 1918, 1940, 23 L.Ed.2d 547 (1969), which held that the Board may issue a bargaining order to remedy employer unfair labor practices which have undermined the majority strength of the Union to such an extent as to prevent the holding of a fair election "where there is a showing that at one point the union had a majority."

The Hospital contends that the subpoena unnecessarily interferes with the right of privacy of hospital employees. It is true that Form W-4 contains personal information concerning employees which could be of no interest to or concern of the Board, such as marital status, number of income

tax allowances claimed, amount desired to be deducted each payday, exemptions from withholding claimed and the ground for the exemptions. To avoid this disclosure of private information, this court modifies the order of the district court so as to permit the Hospital, in lieu of furnishing the original W-4 forms to the Board, at the option of the Hospital to provide legible copies of W-4 forms of its employees during the period specified in the subpoena, made by a coping machine, obliterating all information on the form except the full name and address, social security number and signature of the employee and the date the W-4 form was signed. With this modification, the judgment of the district court in case No. 79-3408 is affirmed.

### III

■ The district court correctly held that the union authorization cards sought by the Hospital are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552. *N.L.R.B. v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *Howard Johnson Co. v. N.L.R.B.*, 618 F.2d 1 (6th Cir. 1980); *Madeira Nursing Center, Inc. v. N.L.R.B.*, 615 F.2d 728 (6th Cir. 1980); *N.L.R.B. v. Hardeman Garment Corp.*, 557 F.2d 559 (6th Cir. 1977). Authorization cards, like the witness statements in *Robbins Tire*, are investigatory records in the possession of the Board for enforcement purpose. Authorization cards are not discoverable by an employer under the rules of the Board, and discovery cannot be attained under the Freedom of Information Act.

■ The Hospital contends that the district court failed to protect the Hospital's fifth amendment right to substantive due process by permitting the Board to engage in pre-trial discovery while denying the Hospital equal discovery. We hold this contention to be without merit. *N.L.R.B. v. Valley Mold Co.*, 530 F.2d 693, 695 (6th Cir.), *cert. denied*, 429 U.S. 824, 97 S.Ct. 77, 50 L.Ed.2d 86 (1976).

If the current investigation conducted by the General Counsel should result in the filing of a complaint, the Hospital will be entitled to a due process hearing, including an opportunity to compare signatures on authorization cards with signatures on the W-4 forms, and to introduce evidence in opposition to any effort on the part of the General Counsel to obtain a *Gissel* bargaining order. Any failure on the part of the Board to conduct a due process hearing can be challenged in proceedings before the Board and, if necessary, by petition to review filed in this court. *ITT v. Electrical Workers*, 419 U.S. 428, 448, 95 S.Ct. 600, 612, 42 L.Ed.2d 558 (1975); *N.L.R.B. v. Valley Mold Co., Inc., supra*, 530 F.2d 693 (6th Cir.), *cert. denied*, 429 U.S. 824, 97 S.Ct. 77, 50 L.Ed.2d 86 (1976).

The judgment of the district court in case No. 79-3408 is modified as hereinabove set forth, and affirmed as modified. The judgment of the district court in case No. 79-3409 is affirmed. No costs are taxed. Each party will bear its own costs in this court.