835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
TRUCK DRIVERS UNION LOCAL 164, INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF
AMERICA, Respondent.
 No. 87-5020.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1987.
 
 Before ENGEL and CORNELIA G. KENNEDY, Circuit Judges and JOHN W. POTTER,* District Judge.
 PER CURIAM.
 
 
 1
 The National Labor Relations Board (NLRB) makes application to this Court for enforcement of its supplemental decision and order, reported at 274 N.L.R.B. 909 (1985). The supplemental order requires the Truck Drivers Union Local 164, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Union) to pay backpay to employees Evelyn McCann and Mishele Wilkins.
 
 
 2
 On July 26, 1979, the NLRB issued its decision and order finding that the Union's discharge of McCann and Wilkins violated Section 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(3) and (1). Truck Drivers Union Local 164, 243 N.L.R.B. 704 (1979). This Court enforced that order on June 19, 1981. NLRB v. Truck Drivers Union Local 164, 651 F.2d 455 (6th Cir.1981).
 
 
 3
 Because the parties were unable to agree upon the amount of backpay due McCann and Wilkins, a proceeding was instituted to determine the backpay due. After a hearing before an administrative law judge (ALJ), the ALJ issued a supplemental decision finding that the Union failed to establish that either McCann or Wilkins had sustained any willful loss of earnings. Therefore, the ALJ determined that McCann was entitled to backpay in the amount of $70,809.19 plus interest, and Wilkins was entitled to $14,044.76 plus interest. On March 13, 1985, the NLRB issued its supplemental decision and order substantially affirming the ALJ's finding and adopting the ALJ's recommended order.
 
 
 4
 The issue raised on appeal is whether the record supports the NLRB's finding that the Union failed to show that either McCann or Wilkins willfully lost earnings during the backpay period. The Union also contends that the NLRB's order should not be enforced because the Union was denied meaningful discovery.
 
 
 5
 In calculating an employee's backpay, the NLRB must deduct from the backpay amount "actual [interim] earnings by the worker [and] ... losses which he willfully incurred." Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 198 (1941). "In addition, it is beyond peradventure that the defense of willful loss of earnings is an affirmative defense, with the burden of proof resting upon the employer." NLRB v. Westin Hotel, 758 F.2d 1126, 1129 (6th Cir.1985). Furthermore:
 
 
 6
 [A] wrongfully-discharged employee is only required to make a reasonable effort to mitigate damages, and is not held to the highest standard of diligence. This burden is not onerous, and does not mandate that the plaintiff be successful in mitigating the damage. The reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual's background and experience and the relevant job market.
 
 
 7
 Id. at 1130 (citations omitted).
 
 
 8
 "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive." 29 U.S.C. Sec. 160(e) (1973). Furthermore, it is the Board's function to resolve issues of "credibility when there is a conflict in the testimony." NLRB v. Baja's Place, 733 F.2d 416, 421 (6th Cir.1984).
 
 
 9
 Although the Union contends that McCann and Wilkins did sustain willful losses, the Board contends that the employees' conduct was consistent with an inclination to work and be self-supporting. Mastro Plastics Corp., 136 N.L.R.B. 1342, 1359 (1962), enf'd, 354 F.2d 170 (2d Cir.1965), cert. denied, 384 U.S. 972 (1966). The Union contends that the testimony of McCann and Wilkins was uncontroverted and not credible. Unless the Union establishes that the Board's findings are not supported by substantial evidence, this Court is required to enforce the Board's supplemental decision and order. Upon a review of the entire record, this Court determines that the NLRB findings are supported by substantial evidence.
 
 
 10
 The Union also contends that it is unfair to place the burden of proof upon the employer and then to deny the employer access to information in the possession of the charging party. However, this Court has determined that the NLRB is not required by the Act to provide discovery to an employer. NLRB v. Valley Mold Co., Inc., 530 F.2d 693, 694-95 (6th Cir.) cert. denied, 429 U.S. 824 (1976). In Valley Mold, this Court was cognizant of the employer's burden to disprove the extent of a discriminatee's interim job search. Id. at 695. This Court rejected the contention that these difficulties made discovery necessary as a matter of due process. Id. Furthermore, because the Union failed to raise this issue in its exceptions to the decision of the ALJ, this Court is precluded from considering this issue. Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 665-66 (1982); Southern Moldings, Inc. v. NLRB, 728 F.2d 805, 806 (6th Cir.1984) (en banc).
 
 
 11
 Accordingly, we AFFIRM the findings of the NLRB, and we grant enforcement of its order.
 
 
 
 *
 The Honorable John W. Potter, United States District Court for the Northern District of Ohio, sitting by designation