**Linda GIBBS, Plaintiff,**

**v.**

**Nicholas F. BRADY, Secretary of the Treasury, William Von Raab, Commissioner, United States Customs Service, William F. Riley, Comptroller, United States Customs Service, Department of the Treasury, and Mary F. Weiseman, Special Counsel, Office of Special Counsel, Defendants.**

Civ. A. No. 89–3411 SSH.

United States District Court, District of Columbia.

Aug. 29, 1991.

William L. Bransford, Washington, D.C., for plaintiff.

Michael L. Martinez, Asst. U.S. Atty., U.S. Attys. Office, Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss or, in the alterna-

tive, for summary judgment. On consideration of the entire record, the Court dismisses counts one and two as moot and grants the motion for summary judgment as to counts three, four, and five, thus terminating the case.

Plaintiff claims that she was removed from her position in the Senior Executive Service (SES) in the Department of Customs (Customs) in violation of her First and Fifth Amendment rights. Plaintiff alleges that Customs transferred her to a GS–15 position in retaliation for reporting allegedly illegal budgetary practices to the Office of the Inspector General of the Department of Treasury (IG).

Beginning in October 1987, plaintiff held the position of Director, Office of Financial Management and Program Analysis.[1] The position invested plaintiff with the responsibility for all budget and accounting functions within Customs, and placed her under the direct supervision of defendant Riley. For the first rating period of her employment, which ended on June 30, 1988, Riley gave plaintiff a "satisfactory" performance rating.

On October 6, 1988, plaintiff contacted the IG regarding the final accounting for fiscal 1988, which ended on September 30, 1988. Plaintiff believed that Customs was in violation of the Anti-deficiency Act. Plaintiff also alerted the IG to allegedly illegal accounting and budgetary practices at Customs.

On October 20, 1988, Riley placed plaintiff on a Personal Improvement Plan (PIP). Plaintiff filed a complaint with the Office of Special Counsel (OSC) on October 28, 1988, claiming that the PIP constituted an unlawful reprisal for her contact with the IG. On December 21, 1988, Riley gave Gibbs an "unsatisfactory" performance rating for the period July 1, to December 20, 1988. On January 19, 1989, defendant Van Raab approved plaintiff's "unsatisfactory" rating and removed her from the SES.[2] Effective February 26, 1989, plaintiff was transferred to the position of Management Advisor, a GS–15 position, without a reduction in salary.

Plaintiff exercised her right to an administrative hearing before an administrative law judge (ALJ) of the Merit Systems Protection Board (MSPB) to review her removal from the SES. After a two-day hearing in March 1988, the ALJ concluded that plaintiff's removal from the SES was in reprisal for her October 1988 contact with the IG. The ALJ issued a non-binding recommendation that Customs reinstate plaintiff, but Customs did not change its position. Plaintiff also amended her OSC complaint to challenge the "unsatisfactory" performance rating and the transfer to a GS–15 post. The OSC subsequently began investigating plaintiff's claims.

Plaintiff alleges that Customs officials unlawfully disclosed information regarding her work history to reporters investigating the allegedly illegal budget practices at Customs and the alleged reprisal against plaintiff. The information concerned the fact that plaintiff had been placed on a PIP while employed at HUD. Plaintiff alleges that three reporters contacted her to verify the information.

Plaintiff filed this action on December 19, 1989. While the instant motion to dismiss was pending before the Court, the OSC completed its investigation into plaintiff's claim. On August 31, 1990, the OSC notified Customs of its conclusion that plaintiff's removal from the SES constituted a prohibited employment practice. The OSC transmitted a draft corrective action letter.[3] Customs responded on December 28, 1990, informing the OSC and plaintiff that it planned to reassign and reinstate plaintiff to the SES effective January 14,

1. Plaintiff worked at the Department of Housing and Urban Development before starting at Customs.

2. An independent reviewer from the Bureau of Alcohol, Tobacco and Firearms did not sustain the unsatisfactory rating. A Treasury Performance Review Board (PRB) also concluded that there was insufficient evidence to uphold the rating, but a second PRB from within Customs sustained the rating.

3. Plaintiff did not receive notice of the OSC's conclusion, nor did she receive a copy of the draft corrective action letter.

1991. Customs also indicated that a "successful" performance rating would be substituted for the 1988 "unsatisfactory" rating. Plaintiff was reassigned to the position of Deputy Director of the Office of Regulatory Audit, which she has held since January 13, 1991. The OSC issued a letter to Customs indicating that the reinstatement and rating upgrade constituted adequate corrective action.

Plaintiff disputes the adequacy of the reinstatement. She maintains that the new position was created to satisfy the OSC and that it lacks true management responsibilities. Plaintiff also seeks to have her employment record revised to reflect continuous employment in the SES rather than two years as a GS–15.

## Discussion

Defendants contend that the corrective action taken by Customs has rendered counts one and two of plaintiff's complaint moot. In count one, plaintiff names defendant Brady in his official capacity as Secretary of the Treasury and alleges that her removal from the SES constituted a violation of her First and Fifth Amendment rights. As relief, plaintiff requests a declaratory judgment that Treasury violated her First and Fifth Amendment rights, a name-clearing hearing, restoration to the SES in the same position she previously occupied or a comparable position, and amendment of her personnel records to reflect continuous employment in the SES.[4]

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979); *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). The test for mootness comprises two requirements: (1) there is "no reasonable expectation ... that the alleged violation will recur," and (2) "inter-

im relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles*, 440 U.S. at 632, 99 S.Ct. at 1383. Plaintiff contends that her reinstatement has not eradicated completely the effects of the alleged violation.

■ Plaintiff's claim for reinstatement is moot, despite her apparent dissatisfaction with the new SES position. The voluntary corrective action taken by Customs has provided plaintiff with the same relief as court-ordered reinstatement would have provided. After reviewing the description of plaintiff's new position, the Court is satisfied that its responsibilities are consistent with an SES post. The position is reasonably similar to plaintiff's former position, and it utilizes her training and skills. Although the Court recognizes plaintiff's desire for greater responsibility, it would not be appropriate to order Customs to allocate specific responsibilities to her.[5] Finally, whether Customs created the post to accommodate plaintiff's reinstatement or to satisfy the OSC is irrelevant. Plaintiff has received the relief that she requested in her complaint, and therefore her claim is moot. *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1018 (D.C.Cir.1991).

■ Plaintiff's claim for a name-clearing hearing is also moot. The due process clause requires that a government employee receive "an opportunity to be heard in a meaningful manner" following a personnel action that implicates a liberty interest. *See Doe v. Casey*, 796 F.2d 1508, 1524 (D.C.Cir.1986). Plaintiff received an adequate opportunity to address the charges against her and to clear her name at the hearing before the MSPB. In fact, the ALJ's recommendation in plaintiff's favor effectively cleared her name.

■ In light of the voluntary relief that Customs has provided, plaintiff's claim for

---

**4.** Plaintiff also requested compensatory damages for the difference between her salary and the recent SES salary increase. Plaintiff's reinstatement has rendered her claim for damages moot because it coincided with the SES salary increase in January 1991.

**5.** Customs has the authority to allocate responsibility among its personnel. Barring proof of an improper motive in assigning duties to plaintiff, the Court will not interfere with Customs's decisions.

a declaratory judgment that Customs violated her First and Fifth Amendment rights is moot. A claim for a declaratory judgment becomes moot when there is no longer "a substantial controversy between parties, having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); *Penthouse Int'l*, 939 F.2d at 1018. Although plaintiff might well receive some personal satisfaction from a declaratory judgment, her reinstatement has eliminated the "substantial controversy" between the parties.

■ Plaintiff maintains that her claim is not moot because defendants have not amended her personnel records to reflect continuous employment in the SES.[6] The Court, however, would not order defendants to revise plaintiff's records even if she were in a position to prevail on the merits. It is preferable for plaintiff's records to reflect her actual employment history than to misrepresent her experience at Customs.[7]

■ Plaintiff's claim against the OSC in count two is also moot. Plaintiff seeks an order requiring the OSC to investigate her claim and to seek corrective action. The OSC has completed its investigation and has recommended corrective action to Customs. Plaintiff argues that her claim is not moot because the OSC only issued a draft corrective action letter and because she never received a copy of the draft. That argument elevates form over substance. The OSC performed its function, and Customs complied with the recommendation to the OSC's satisfaction. Therefore, plaintiff has received the relief requested in count two.

■ With regard to count three of plaintiff's complaint, the Court grants summary judgment. Count three sets forth a claim against the Department of Treasury

under the Privacy Act. The claim concerns the alleged disclosure of the fact that plaintiff's supervisor at HUD had placed her on a PIP before she joined Customs. The Privacy Act prohibits an agency from disclosing "any record which is contained in a system of records ... except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C.A. § 552a(b). A system of records is "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C.A. § 552a(a)(5). Thus, the Privacy Act's prohibition against disclosure does not apply to information that is not retrievable by the name or other identifier of the subject. *Savarese v. United States Dep't of Health, Educ. and Welfare*, 479 F.Supp. 304 (N.D.Ga.1979), *aff'd*, 620 F.2d 298 (5th Cir.1980), *cert. den.*, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981); *Smiertka v. United States Dep't of Treasury*, 447 F.Supp. 221, 228 (D.D.C.1978); *cf. Baker v. Dep't of Navy*, 814 F.2d 1381, 1383–84 (9th Cir.1987), *cert. denied*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987) (access provision of the Privacy Act only applies to records retrievable by plaintiff's name). The information that plaintiff had been placed on a PIP while employed at HUD is not contained within a system of records at Customs, nor is it retrievable by plaintiff's name. (Declarations of Scott, Eden, and Johnson). Accordingly, the Court grants defendants' motion for summary judgment as to plaintiff's Privacy Act claim in count three.

Finally, with regard to counts four and five of the complaint, summary judgment is appropriate for the reasons set forth in the defendants' motion for summary judgment. Consistent therewith, it hereby is

---

6. Plaintiff notes that amendment of records is done as a matter of course under the Backpay Act, 5 U.S.C.A. § 5596(b)(1)(B), and that the MSPB routinely orders revision of personnel records.

7. To the extent that this narrow portion of plaintiff's claim in count one may survive mootness analysis, defendants' motion for summary judgment with respect thereto is granted.

ORDERED, that counts one and two are dismissed as moot. It hereby further is

ORDERED, that defendants' motion for summary judgment is granted as to plaintiff's request for amendment of her personnel records in count one and as to counts three, four, and five.

SO ORDERED.