**NATIONAL LABOR RELATIONS BOARD, Petitioner–Appellee,**

v.

**NORTH BAY PLUMBING, INC.; Patrick Pettit; Elmer Lee Pettit; David A. Adams, Respondents–Appellants.**

**No. 95–16839.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 1996.*

Decided Dec. 19, 1996.

34(a) and Ninth Circuit Rule 34–4.

Mark R. Thierman, Thierman Law Firm, San Francisco, CA, for respondents-appellants.

Margery E. Lieber, National Labor Relations Board, Washington, DC, for petitioner-appellee.

Before: FLETCHER, FARRIS and TASHIMA, Circuit Judges.

FARRIS, Circuit Judge:

North Bay Plumbing appeals the district court's order enforcing investigative subpoenas issued by the National Labor Relations Board. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## BACKGROUND

On May 6, 1994, eight union plumbers applied for jobs with North Bay Plumbing.

The plumbers wore union caps and indicated their union affiliation on their applications. North Bay's superintendent explained to the plumbers that North Bay needed plumbers quickly, and that the matter would be referred to the company's general superintendent. None of the plumbers was contacted for interviews.

Plumbers and Steamfitters, Local 343, filed a complaint with the National Labor Relations Board alleging an unfair labor practice. The Board's Regional Director, through Board attorney Paula Paley, investigated the charge.

At Ms. Paley's request, the Board issued several investigative subpoenas. The subpoenas required North Bay's custodian of records to testify and produce: (1) North Bay's rules and policies governing applications for employment since April 1, 1994; (2) the names, addresses, and telephone numbers of all persons applying for jobs as plumbers since April 1, 1994 and their job applications; (3) the names, addresses, and telephone numbers of all plumbers interviewed since April 1, 1994; and (4) the names, addresses, and telephone numbers of all plumbers hired since May 1, 1994 and their job applications. The subpoenas also required three North Bay officers to appear and testify.

North Bay petitioned the Board to revoke the subpoenas. The petition was denied. North Bay nevertheless failed to comply, and noticed eight depositions of its own.

Pursuant to 29 U.S.C. § 161(2), the Board sought enforcement of its subpoenas in district court. The Board also requested the court to quash the depositions noticed by North Bay. A magistrate judge recommended that the Board's subpoenas be enforced and that North Bay's depositions be quashed. The district court adopted the magistrate's findings and recommendations. North Bay's motions for stay pending appeal, both in the district court and in this Court, were denied.

North Bay argues that: (1) the Board does not have the power to issue pre-complaint subpoenas, and by doing so is engaging in impermissible pre-trial discovery; (2) the Board does not have any regulations addressing the issuance of such subpoenas, and their use in the absence of such regulations violates the Administrative Procedure Act; (3) the subpoenas are overly broad and unduly burdensome; and (4) the use of the subpoenas violates due process.

### STANDARD OF REVIEW

■ We review de novo a district court's decision regarding enforcement of an agency subpoena. *Reich v. Montana Sulphur & Chemical Co.,* 32 F.3d 440, 443 (9th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 1355, 131 L.Ed.2d 213 (1995).

### DISCUSSION

■ The scope of our inquiry in an agency subpoena enforcement proceeding is narrow. *E.E.O.C. v. Children's Hospital Medical Center of Northern California,* 719 F.2d 1426, 1428 (9th Cir.1983) (en banc). "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Id.* (citations omitted). If the agency establishes these factors, "the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." *Id.* (citations omitted).

#### A.

■ Congress has granted the Board the power to investigate. Section 11(1) of the National Labor Relations Act, 29 U.S.C. § 161(1), grants the NLRB broad investigatory powers. It provides, in pertinent part, that:

The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of

witnesses or the production of any evidence in such proceeding or investigation requested in such application.... Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing.

29 U.S.C. § 161(1).

■ The language of the statute is clear. The Board may issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding. *See NLRB v. Carolina Food Processors, Inc.,* 81 F.3d 507, 514 (4th Cir.1996). "[T]he Board's power to issue investigatory subpoenas does not depend on the filing of a complaint." *Id.* at 512 (citing *Link v. NLRB,* 330 F.2d 437, 440 (4th Cir.1964)); *see also Reich,* 32 F.3d at 445 ("For an agency to subpoena corporate records, it is not necessary ... that a specific charge or complaint ... be pending or that the order be made pursuant to one." (citations omitted)).

We reject North Bay's argument that under section 161(1), the Board may only utilize its subpoena power in connection with a hearing between the parties. The final sentence of § 161(1) provides that the attendance of witnesses and the production of evidence "may be required ... at any designated place of hearing." 29 U.S.C. § 161(1). It does not say that the Board "shall" require production of evidence and testimony at "a hearing."

Contrary to North Bay's assertions, the Board is thus not conducting "improper pretrial discovery." By issuing the subpoenas, the Board was merely exercising its congressionally authorized investigative powers, nothing more.

### B.

North Bay argues that the Board has not adopted any procedures implementing its investigatory subpoena power. We reject the argument. The Board has properly promulgated procedures regarding pre-complaint subpoenas. North Bay does not contend that these procedures were not followed.

Section 102.31 of the Board's Rules and Regulations provides general procedures for the issuance of subpoenas and petitions to revoke subpoenas. *See* 29 C.F.R. § 102.31. The regulation contains no language limiting its application to post-complaint subpoenas. In fact, section 102.31(e) addresses the rights of "persons compelled to submit data or evidence in the nonpublic investigative stages of proceedings" to inspect transcripts of their testimony and copy documents produced. 29 C.F.R. § 102.31(e).

Contrary to North Bay's argument, 29 C.F.R. § 102.30 does not expressly prohibit the use of pre-complaint subpoenas requiring testimony. Section 102.30 concerns preserving testimony of witnesses who, because of illness or other reasons, are unlikely to be available to testify at trial. *See NLRB v. Alaska Pulp Corp.,* 149 LLRM (BNA) 2684, 2689 n. 7 (D.D.C.1995). It does not prohibit the Board from issuing pre-complaint investigatory subpoenas requiring testimony.

### C.

The evidence sought by the Board is relevant to the investigation. The Board is investigating allegations that North Bay unlawfully refused to interview and hire job applicants because of their union affiliation. In furtherance of this investigation, the Board has subpoenaed evidence regarding job applicants who were interviewed and hired by North Bay instead of the union plumbers, as well as information regarding North Bay's hiring policies. This evidence is relevant and material to the Board's investigation.

### D.

As the Board has satisfied the *Children's Hospital* test, the subpoenas must be enforced unless North Bay can prove that the inquiry is unreasonable because it is unduly burdensome or overly broad. *Children's Hospital,* 719 F.2d at 1428. North Bay contends that the subpoenas are overbroad in that they only seek information regarding its "defenses," and violate both federal and state privacy laws. We reject these arguments.

Even if the subpoenas were issued solely to obtain information on North Bay's defenses, they are not overbroad. "[A] subpoena is proper even when it is designed to produce material concerning a defense that may never arise; the focus is on relevancy to the investigation, not relevancy to the issues at the hearing." *NLRB v. North American Van Lines, Inc.,* 611 F.Supp. 760, 765 (N.D.Ind.1985) (explaining *NLRB v. Dutch Boy, Inc., Glow Lite Div.,* 606 F.2d 929, 933 n. 4 (10th Cir.1979)).

The Federal Privacy Act, 5 U.S.C. § 552a, does not apply. The Privacy Act's prohibition against disclosure does not apply to information that is not retrievable by name or other individual identifier. 5 U.S.C. § 552a(a)(5); (b); *Gibbs v. Brady,* 773 F.Supp. 454, 458 (D.D.C.1991). North Bay does not contend that the Board's investigative records are maintained in such a way.

Nor is any state-law privilege relevant. In federal question cases, federal privilege law applies. F.R.E. 501; *Kerr v. United States District Court,* 511 F.2d 192, 197 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Moreover, "[i]nvestigations for federal purposes may not be prevented by matters depending upon state law." *United States v. Cortese,* 410 F.Supp. 1380, 1381–82 (E.D.Pa.1976), *aff'd,* 540 F.2d 640 (3rd Cir.1976).

E.

Further, we reject North Bay's arguments that the issuance and enforcement of the subpoenas violates its due process rights. The statutory mechanism for appealing the Board's issuance of subpoenas—namely, a petition for revocation—satisfies procedural due process. *Carolina Food,* 81 F.3d at 512. North Bay availed itself of this mechanism.

North Bay's other due process arguments—that the subpoenas violate substantive due process because (1) they permit the NLRB to engage in pre-trial discovery without allowing North Bay to do the same, and (2) there are no rules for controlling the investigatory interviews—cannot be raised at this stage of the proceeding. *See Carolina Food,* 81 F.3d at 512–13 (citing *NLRB v.*

*Martins Ferry Hospital Ass'n,* 649 F.2d 445, 449 (6th Cir.), *cert. denied,* 454 U.S. 1083, 102 S.Ct. 638, 70 L.Ed.2d 617 (1981)). If the current investigation results in the filing of a complaint, North Bay will be entitled to raise its due process arguments in proceedings before the Board, and, if necessary, on appeal to this Court. *See Carolina Food,* 81 F.3d at 513. We refuse to "remedy a due process violation that has not yet occurred, and which may never come to pass, simply on the strength of [North Bay's] assertion that the violation might occur." *Id.*

AFFIRMED.