NATIONAL LABOR RELATIONS BOARD, Plaintiff–Appellant,

v.

The BAKERSFIELD CALIFORNIAN, Defendant–Appellee.

No. 96–17140.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1997.

Decided Nov. 19, 1997.

Eric G. Moskowitz and Paul A. Ades, National Labor Relations Board, Washington, DC, for plaintiff-appellant.

David S. Durham and Maria G. Narayan, Littler, Mendelson, Fastiff, Tichy & Mathiason, San Francisco, CA, for defendant-appellee.

Before: WOOD, JR.,* RYMER, and TASHIMA, Circuit Judges.

RYMER, Circuit Judge.

This appeal requires us to decide whether section 11 of the National Labor Relations Act (NLRA), 29 U.S.C. § 161, gives the National Labor Relations Board (NLRB) authority to issue investigative subpoenas to non-parties. The NLRB brought this appeal after the district court refused to order The Bakersfield Californian, a newspaper, to comply with a subpoena duces tecum to produce information about an anonymous employer, against whom an unfair labor practice charge had been filed after it placed an advertisement for workers in the newspaper. The district court held that section 11(1) by its terms applies only to the person being investigated (here, the anonymous employer), and does not authorize the Board to engage in fishing expeditions at the expense of the newspaper's legitimate business interests. We read the statute differently and, as we have jurisdiction, 28 U.S.C. § 1291, reverse.

I

Local 428, International Brotherhood of Electrical Workers, filed an unfair labor practice charge against an anonymous employer identified only as "Electricians/Linepersons." The charge alleges that the anonymous employer discriminated against members of the Union in its hiring procedures by seeking employees through an anonymous classified advertisement and by failing to contact any of the Union applicants who responded. Investigation disclosed that the advertisement (asking electricians and linepersons to send their resumes to "Bakersfield Californian, P.O. Bin 440, File #564, Bakersfield, CA 93302–0440"), was placed in September 1995 in The Bakersfield Californian. The

* Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

Board then issued an investigatory subpoena duces tecum to the Custodian of Records for The Californian requesting production of documents identifying the name, address and telephone number of the person or entity that placed the advertisement to which the Union electricians responded. The Californian filed a petition to revoke the subpoena, but it was denied. Nevertheless, it refused to comply with the General Counsel's renewed request for the subpoenaed documents, and the NLRB filed an application in district court for an order requiring The Californian to obey the subpoena.

The district court denied the NLRB's application, and the NLRB timely appealed.

## II

The Californian urges us to dismiss this appeal as moot, asserting that the NLRB lost its jurisdiction by failing to serve an unfair labor practice charge on the anonymous employer within six months of the allegedly unlawful act.

▮▮▮ Section 10(b) of the NLRA provides:

> [N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made. . . .

29 U.S.C. § 160(b). Even assuming that the NLRB did not serve an unfair labor practice charge within the statutorily prescribed time, the NLRB's appeal is not moot. Section 10(b)'s time requirement for filing an unfair labor practice charge "operates as a statute of limitations subject to recognized equitable doctrines and not as a restriction of the jurisdiction of the National Labor Relations Board." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395 n. 11, 102 S.Ct. 1127, 1133 n. 11, 71 L.Ed.2d 234 (1982). Like other defenses to an unfair labor practice complaint, a section 10(b) statute of limitations defense is not properly evaluated in a subpoena enforcement proceeding. *See*

*EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1429–30 (9th Cir.1983) (en banc).[1]

## III

▮▮▮ The NLRB is entitled to enforcement of its subpoena if (1) Congress has granted the NLRB the authority to investigate; (2) procedural requirements have been followed; (3) the subpoenaed evidence is relevant to the investigation; and (4) the subpoenaed party has not shown the subpoena is unreasonable because it is overbroad or unduly burdensome. *Id.* at 1428. We review the district court's decision denying enforcement of the NLRB's subpoena de novo. *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir.1996).

The NLRB's subpoena power stems from section 11 of the NLRA. Subsection (1) provides:

> (1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required.

29 U.S.C. § 161(1).

▮▮▮ The district court concluded, and The Californian argues, that section 11(1) by its

---

1. Although *Children's Hospital Medical Center* concerned a subpoena issued by the EEOC, 42 U.S.C. § 2000e–9 gives the EEOC the same in-vestigative powers as those provided the National Labor Relations Board in 29 U.S.C. § 161 (section 11 of the Act). 719 F.2d at 1428–29.

terms applies only to "any person being investigated or proceeded against," and thus does not allow the NLRB to issue an investigative subpoena to a non-party. According to The Californian, the first sentence is not self-executing because the Board has no power to compel the examination or copying of evidence (which sentence one allows) except by way of a subpoena enforced in a district court. The second and third sentences merely set forth the subpoena mechanism necessary to effectuate the examination of evidence allowed by the first sentence. Thus, the second and third sentences are not to be read in isolation, but only in the context of the first sentence, and the limitation to "parties" in the first sentence carries through to the second and third sentences.

We disagree. Section 11(1) gives the NLRB two separate powers. By the first sentence, it is given authority to examine and copy evidence of "any person being investigated or proceeded against." By the second sentence, the Board is given the power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any relevant evidence in a proceeding or investigation. Nothing in the second sentence, which relates to the NLRB's subpoena power, limits that power to persons being investigated or proceeded against.

In this view we join the two other circuits that have construed section 11. *See NLRB v. Lewis*, 310 F.2d 364 (7th Cir.1962); *Link v. NLRB*, 330 F.2d 437, 439 (4th Cir.1964). As the Seventh Circuit explained in *Lewis:*

> Nothing in the second sentence, which relates to the Board's subpoena power, limits that power to persons being investigated or proceeded against. Congress having expressly limited the Board's power to examine and copy to persons being investigated or proceeded against and, in the very next sentence, omitting this limitation on the Board's subpoena power, it is plain that no such limitation was intended as to the latter.

*Lewis*, 310 F.2d at 366. The Californian suggests that we should not follow *Lewis* and *Link* because they appear to involve testimonial subpoenas, but the Board's power to subpoena non-parties is not so narrow. The second sentence of section 11(1) on its face applies to production of evidence in an "investigation" as well as a "proceeding."

This interpretation is consistent with our previous construction of similar language in a statute granting subpoena power to the Federal Trade Commission (FTC). *See Casey v. FTC*, 578 F.2d 793, 797–98 (9th Cir.1978).[2] The Californian argues that the FTC Act is different because in it, Congress expressly conferred the power to issue subpoenas to non-parties whereas in its view the NLRA does not. We can't see the difference and believe the two statutes are close enough to warrant a similar interpretation.

## IV

■ The Californian acknowledged at argument that its appeal turns on the issue of statutory interpretation, not the district court's conclusion that the anonymity of an employer coupled with its rejection of a few union members does not create an inference of illegality sufficient to satisfy the showing of relevance required by section 11(1). To us, the information requested is material and within the NLRB's province to investigate. *See Children's Hospital Med. Ctr.*, 719 F.2d at 1429 (indicating that subpoena for evidence that is not "plainly incompetent or irrelevant to any lawful purpose" should be enforced). The NLRB's subpoena seeks the name, address, and telephone number of the person or entity that placed the anonymous advertisement to which the Union members responded, and the name of the person responsible for placing the advertisement. Without this information, the NLRB will almost certainly be unable to identify the anonymous employer, and the investigation will be unable to proceed.

---

**2.** The statute at issue in *Casey* provided:

> [T]he Commission, or its duly authorized agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of wit-

nesses and the production of all such documentary evidence relating to any matter under investigation....

*Id.* at 797 (quoting 15 U.S.C. § 49). We indicated that this subpoena power extends "'not only to those who are not targets of an investigation, but also to those who ... can never be targets.'" *Id.* at 798 (quoting *FTC v. Rockefeller*, 441 F.Supp. 234, 240 (S.D.N.Y.1977)).

As the NLRB has authority to issue this subpoena, procedural requirements have been followed, the subpoenaed evidence is relevant and material to the investigation, and The Californian has not shown the subpoena is unreasonable because it is overbroad or unduly burdensome, we reverse and remand with instructions that the subpoena duces tecum be enforced.

REVERSED AND REMANDED.